## THOMAS A. COLTER, Respondent, v. J. L. DILL et al., Appellants.

(167 N. W. 720.)

**Mortgage — labor lien — preference over — mortgage — work not done prior to mortgage record — building — contract with owner.**

In this case plaintiff claims that his labor lien should have preference over

recorded mortgages. His claim is denied on the ground that he did no substantial work prior to the recording of the mortgages, and he did no work for the erection of a building under a contract with the owner of the lots.

Opinion filed April 27, 1918.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Defendants appeal.

Modified.

*Palda & Aaker,* for appellants.

A verified statement for a lien for services must be just and true. The wilful and intentional overstatement in a claim for a mechanic's lien, of the amount due, will vitiate the lien entirely. McCormack v. Philips, 4 Dak. 506 and cases cited; 29 L.R.A.(N.S.) 317.

Where a lien claimant places on record a statement which he knows is not correct, his right to lien is lost. Gibbs v. Hanchette (Mich.) 51 N. W. 691; Turner v. St. John, 8 N. D. 245.

There is no proof of a contract with the owner of the property (now deceased). The testimony of plaintiff of an oral contract with deceased was inadmissible, and the right to a lien fell with the death of the owner.

"In civil actions or proceedings by or against executors, administrators, heirs at law, or next of kin in which judgment may be rendered or order entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party." Comp. Laws 1913, § 7871, subd. 2; First Nat. Bank v. Hilliboe, 17 N. D. 76; Tubridy v. Wright, 144 N. Y. 519; Dobbs v. Enearl, 4 Wis. 471; Boisot, Mechanics Liens No. 340; Meyers v. Bennett, 7 Daly, 471; Crystal v. Flannelly, 2 E. D. Smith, 583.

In any event the lien here claimed is inferior and subject to defendant's mortgages on the property.

The party with whom plaintiff claims to have made the contract for his work was not the owner of the property, nor had he any right to contract for such work by plaintiff at the time such contract is claimed to have been made. Comp. Laws 1913, § 5558.

A purchase-money mortgage given prior to the accrual of a mechanic's lien will take priority over the lien. 27 Cyc. 250 and citations.

And such legal protection to such a mortgage remains with it until it is paid. Boisot, Mechanics Liens, No. 153; Rockel, Mechanics Liens, No. 164, 27 Cyc. 250.

"The lien must follow the contract, and no valid lien can be had against one particular lot or building, for labor performed on such lot or building and on other lots and buildings." Stoltze v. Hurd, 20 N. D. 412; Comp. Laws 1913, § 6818.

*Bosard & Twiford* and *Bradford & Nash,* for respondent.

The evidence of plaintiff was not directed against the deceased person or the administratrix or the heirs, but against the appellants, and therefore the inhibition of the statute in no manner applies. Shain v. Forbes (Cal.) 23 Pac. 198; Hubbell v. Hubbell, 22 Ohio St. 208; Bushes v. Railway Co. (Ark.) 103 S. W. 176; Fodds v. Rogers, 68 Ind. 110; Goss v. Austin, 11 Allen, 525; Braithwaite v. Aiken, 2 N. D. 57; St. John v. Aiken, 2 N. D. 140.

The statute does not preclude evidence by the survivor offered merely to identify records, books of account, etc. Dysart v. Farrow, 90 Iowa, 59, 57 N. W. 644.

Under our law the lien attaches from the commencement of the work, and the contractor has ninety days after the completion of the work in which to file lien. Comp. Laws 1913, §§ 6820, 6822; Haxton Steam Heating Co. v. Gordon, 2 N. D. 246.

After the lien has attached, the death of the owner of the land does not relieve the land from the lien. Boisot, Mechanics Liens, § 340, and cases cited.

Under our statute the lien of a mechanic takes effect from the commencement of the work on the building, and has priority over any mortgage or other lien recorded or docketed after the commencement of the work. Haxtum Steam Heater Co. v. Gordon, 2 N. D. 246; 53 Am. St. Rep. 776; 50 N. W. 708; Turner v. St. John, 8 N. D. 245, 78 N. W. 340; Robertson Lumber Co. v. Clarke, 24 N. D. 134, 138 N. W. 984; Ortonville v. Geer, 93 Minn. 501, 106 Am. St. Rep. 445.

There is no special protection given to a vendor's mortgage for the purchase price, except that extended under a strict compliance with the

recording act. Lion v. McGuffey, 4 Pa. 126; Lynch v. Dearth, 2 Pa. 101; Avery v. Clark, 87 Cal. 619, 25 Pac. 919.

ROBINSON, J. This is an appeal from a judgment in favor of the plaintiff confirming his claim to a mechanic's lien and declaring it superior to the lien of purchase-money mortgages. The only question necessary to consider is in regard to the status of the liens claimed by the appealing mortgagees. The property consists of eight lots in the city of Minot. The defendant J. Olson was the owner of the eight lots and the president of the German-American Bank. He made a contract with Christ Rudd, deceased, to sell him the eight lots at $500 a lot, and that the German-American Bank should loan him on each lot about $1,600 to pay the purchase price of the same and to improve the lots, and that Rudd should also give to Olson a small commission mortgage. Accordingly Olson made a deed of the lots to Rudd and at the same time took mortgages in accordance with the agreement. Olson retained the deeds and the mortgages in his own possession until he delivered them for record to the register of deeds on May 25, 1914, at 2:45 P. M. The delivery and recording of the deeds and mortgages was in all respects simultaneous. And until such delivery Rudd had no title or interest in the lots. As Rudd had no title until the delivery of the deeds and mortgages for record, it was in no wise possible for him, by any contract, to give a lien on the lots prior to the lien of the mortgages. However, in anticipation of obtaining the title to the lots, Rudd contracted with the plaintiff to do the work for which he claims a mechanic's lien, and the plaintiff commenced the work a few hours prior to the time of filing for record the deeds and mortgages. The work done prior to such filing was of little consequence, and it was not sufficient to give notice to anyone. It was done while Olson held his title and his deeds and his mortgages, and while he still had power to rescind the transaction.

The statute provides in effect that any person who performs labor or furnished material for the erection of a building upon lands under a contract with the owner of the land shall have a lien therefor upon such building and upon the land belonging to such owner on which the same is situated on compliance with the conditions of the Lien Law. Comp. Laws 1913, § 6814.

A party claiming a lien must in due time file with the clerk of the dis-

trict court a just and true account of the demand due him after allowing all credits and containing a correct description of the property to be charged with such lien and verified by his affidavit. Section 6820.

Under the statute, mechanics' liens are preferred to all other liens or encumbrances filed or. docketed subsequent to the commencement of a building. Section 6822.

However, as in this case when a party claims that a labor lien has priority over a recorded mortgage he must show the doing of substantial work under a contract with the owner of the land. The work must be of such a conspicuous character as to fairly give notice to the holder of a recorded lien. In this case the alleged work done prior to the recording of the deeds and mortgages was too meager, and it was not done under a contract with the owner of the lots. Hence, the mechanic's lien must be and it is adjudged to be subject and subsequent to the lien of the appellant's mortgages.

Judgment modified accordingly.