UNITED STATES *v.* J. H. COTTMAN & Co. (No. 3925) [1]

United States Court of Customs and Patent Appeals, March 2, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Daniel I. Auster*, special attorney, of counsel), for the United States.

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for appellee.

[Oral argument February 3, 1936, by Mr. Lawrence and Mr. J. Stuart Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is an appeal by the Government from the judgment of the United States Customs Court, Third Division, in a reappraisement proceeding. The case has been before us on two former occasions, and is reported in *United States v. J. H. Cottman & Co.*, 18 C. C. P. A. (Customs) 132, T. D. 44095, and *J. H. Cottman & Co. v. United States*, 20 C. C. P. A. (Customs) 344, T. D. 46114. The decisions therein fully recite the facts and history of the litigation, and it does not seem necessary here to repeat the same.

When the case was last before us, the situation was as follows: Judge Sullivan, sitting in reappraisement, had found a foreign value for the imported goods of $3.98 a ton, that this value was less than the purchase price, and that, therefore, there was no antidumping duty applicable. On appeal, the division held that no foreign value or cost of production was shown by the record, and Judge Cline, in

---
[1] T. D. 48292.

her opinion, suggested that the appeals "might well" have been dismissed by the trial judge.

In rendering this decision, three opinions were filed. Judge Cline wrote an opinion, expressing herself as above stated. Judge Evans concurred "in the opinion prepared by Judge Cline in the instant case, wherein she finds that cost of production should furnish the basis of comparison," also stating:

In view, therefore, of the deficiencies in the record hereto pointed out, it is my opinion that this case should be remanded in order that the appellant may have an opportunity to supply the elements of cost of production which he failed to produce, and to enable the Government to rebut, if it can, the proof offered in relation to such cost of production. However, inasmuch as each of my associates disagree with me concerning this disposition of the cause, I join in Judge Cline's order.

Judge Young dissented. On October 22, 1931, judgment was entered as follows:

It is hereby ordered, adjudged, and decreed that the decision of the trial court, published in Cottman v. United States, T. D. 44581 ,being contrary to the weight of the evidence, is hereby reversed and the cause is remanded for further proceedings consistent with our decision herein.

On appeal, this court agreed with the appellate division, saying:

As a result of these considerations we arrive at the conclusion that the court below did not err in finding that neither foreign-market value nor cost of production is shown by the record, and we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge.

The judgment is *affirmed*.

Judgment was entered here accordingly, and a mandate was issued from this court to the United States Customs Court in pursuance of the statute, section 194, Judicial Code U. S., and the rule of this court, rule XXII. The judgment of this court did not remand the cause for any further proceedings, but was one of affirmance alone.

Upon receipt of this mandate, the United States Customs Court duly recorded and entered the same on its official record. This was done on February 8, 1933.

On October 11, 1934, attorneys for the importer filed a motion with Judge Sullivan in and by which it was moved that the trial judge enter—

decision and judgment herein (pursuant to said judgment order of October 22 1931, which was based upon the decision of the third division of this court as reported in Reappraisment Decision 2136), ordering that the above-named appeals to reappraisement be dismissed and the entered values affirmed upon the ground that the original appraisements herein were unwarranted, illegal, null, and void for the reason that there was no foreign market value as found by the appraiser, nor any legal basis for cost of production for this phosphate rock upon which a dumping duty could be based.

On November 22, 1934, Judge Sullivan filed his decision and entered judgment dismissing the appeals to reappraisement, in harmony with the suggestion of Judge Cline of the Third Division on October 22, 1931, as hereinbefore detailed.

After the making and denial of a motion for rehearing, the importer again appealed to the Third Division for a review of the judgment of Judge Sullivan. Thereafter, the Third Division proceeded to review the said judgment of Judge Sullivan, on its merits, and entered an order modifying the judgment of Judge Sullivan, as follows:

It is hereby ordered, adjudged, and decreed that the judgment of the court below in the cases listed in schedule A hereto attached and made a part hereof be, and the same is hereby, *modified*, for the reasons stated in our decision herein, and the cause is *remanded* with instructions to issue judgment setting aside the void appraisements made under the Antidumping Act of 1921, and dismissing the appeals so far as they refer to nonexistent appraisements under the Tariff Act of 1922.

The Government brings the case here on appeal.

In this court, the appellee has moved to dismiss the appeal on the ground that no question of law is here involved. The theory upon which this motion is urged is that the decision of the Third Division appealed from here was simply explanatory of its former decision and judgment. In our opinion, this motion is without merit, in view of what we shall hereinafter state, and it is denied.

When this court entered judgment of affirmance of the judgment of the Third Division entered October 22, 1931, and issued its mandate in pursuance thereof, that judgment was final and conclusive upon the Appellate Division of the United States Customs Court. Section 198, Judicial Code. That court had, thereafter, no jurisdiction or authority in the matter, except to carry out its judgment which had been affirmed; in other words, to execute the mandate of this court. It is elementary that upon affirmance of a judgment or decree of an inferior court by its appellate court, nothing remains for the inferior court to do but to execute the judgment or mandate. *Chaires, Ex'r.* v. *United States*, 3 How. 610; *Durant* v. *Essex Co.*, 101 U. S. 555; *Gaines* v. *Rugg*, 148 U. S. 228; *Litchfield* v. *Railroad Co.*, 7 Wall. 270. The law is well expressed in *Ex parte The Union Steamboat Company*, 178 U. S. 317, 318:

The duty of an inferior court upon receiving the mandate of this court is nowhere better described than by Mr. Justice Baldwin in an early case upon that subject, *Ex parte Sibbald* v. *United States*, 12 Pet. 488, 492: "Whatever", said he, "was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded   *   *   *."

If, after this court had issued its mandate and the same had been received and recorded by the Appellate Division, and the cause had been duly remanded to Judge Sullivan for final disposition in accordance with the said judgment of the Appellate Division rendered October 22, 1931, the trial judge had not proceeded in conformity with said order of the Third Division, such failure so to proceed might have been corrected by the division on appeal, or, perhaps, otherwise. The record discloses, however, that Judge Sullivan proceeded in accordance with said judgment and mandate, and his judgment should have been affirmed or the appeal therefrom have been dismissed.

When the matter last came to us on appeal from the order of the Third Division, this court considered the case upon the theory that the division had disposed of the case upon the basis of an ultimate dismissal of the appeals by the trial judge. While Judge Evans did have a different theory, he did, as we view it from the language of his concurring opinion hereinbefore quoted, finally agree with such a disposition. Judge Young also expressed his view in his dissenting opinion that this was to be the procedure, for he said in part:

It seems to me pretty hard on the citizen litigating with his Government, after the local appraiser has made a dumping duty finding expressly based on foreign market value, to have four trials in each of which the court either found a foreign market (three times in his favor) or remanded the case solely for the admission of evidence held to bear upon the foreign market value, and then at the fifth trial (the second before this Division) be faced with a remand directing a dismissal of his case before the single judge, to whom it is again remanded, upon the theory that no foreign value was established by the evidence. The legal effect of what they do by thus remanding it to be dismissed affirms and makes legally binding the local appraiser's finding confessedly based on the legal existence of a foreign market.

On appeal, we considered the case upon that basis, and expressly stated that we approved of such disposition as was indicated in Judge Cline's opinion, and which we interpreted to mean a dismissal of the appeals. This having been done, it is our view that the division should not have thereafter reconsidered the same facts and remanded the case to the trial judge with directions to find the appraisements to be null and void upon a theory not theretofore apparently considered by the division in this case and certainly not considered by this court on appeal when the case was last here.

Although a majority of the members of this court do not concur in the reasons given herein, a majority of the court does agree that the judgment of the Appellate Division should be *reversed* and the cause *remanded* to the division with instructions to affirm the judgment of the trial court dismissing the appeals to reappraisement. This will be the order.

BLAND, Judge, concurs in the foregoing opinion.

LENROOT, Judge, specially concurring:

I concur in the conclusion stated in the opinion by Presiding Judge Graham as follows:

* * * the judgment of the Appellate Division should be *reversed* and the cause *remanded* to the division with instructions to affirm the judgment of the trial court dismissing the appeals to reappraisement. * * *

However, I cannot agree with the reasons given therefor. As I read his opinion, it is conceded that there was no majority opinion rendered resulting in the judgment of the appellate division of the Customs Court considered by us in the case of *Cottman & Co.* v. *United States*, 20 C. C. P. A. (Customs) 344, T. D. 46114. Each of the judges of said appellate division, Judges Cline, Evans, and Young, wrote separate opinions. Judge Cline wrote an opinion expressing the view that no foreign value or cost of production of the merchandise involved was shown by the record, and stated:

* * * As there is no other satisfactory evidence of statutory cost of production in the record, the appeals *might well* have been dismissed by the trial court, * * *. (Italics mine.)

She concluded her opinion with the following:

We conclude, as a matter of law, that the decision of the trial court, published in Cottman v. United States, T. D. 44581, is contrary to the weight of the evidence, and it is therefore *reversed* and the cause *remanded* for further proceedings consistent with our decision herein. Let judgment be entered accordingly.

Judge Evans in his opinion agreed with Judge Cline that the record did not establish foreign value of the merchandise, and that "cost of production should furnish the basis of comparison." He closes his opinion with the following:

In view, therefore, of the deficiencies in the record hereto pointed out, it is my opinion that this case should be remanded in order that the appellant may have an opportunity to supply the elements of cost of production which he failed to produce, and to enable the Government to rebut, if it can, the proof offered in relation to such cost of production. However, inasmuch as each of my associates disagree with me concerning this disposition of the cause, I join in Judge Cline's order.

Judge Young wrote a dissenting opinion.

Bearing in mind that Judge Cline's opinion was not a majority opinion, and that the opinion of Judge Evans was in no sense subordinate thereto by reason of its being written in the form of a concurrence, in my judgment it clearly appears from the above quotation that Judge Evans did not concur in the view of Judge Cline that the appeals to reappraisement might well have been dismissed by the trial judge, any more than Judge Cline concurred in the view of Judge Evans that the case should be remanded to the single judge with directions for a new trial. They did concur, however, in the view that neither foreign value nor cost of production of the mer-

chandise was established by the record, and they did concur in the judgment rendered in the case, which reads as follows:

These cases having been duly submitted for decision to the Third Division of the United States Customs Court, and the Court having made and filed a decision herein directing that judgment be entered in accordance therewith; now, in conformity with said decision,

It is hereby ordered, adjudged, and decreed that the decision of the trial court, published in Cottman v. United States, T. D. 44581, being contrary to the weight of the evidence, is hereby reversed and the cause is remanded for further proceedings consistent with our decision herein.

Witness Hon. Genevieve R. Cline, Hon. Walter H. Evans, Judges of the United States Customs Court, and the seal of said Court, at the City of New York, this 22nd day of October, A. D. 1931.

[SEAL.] J. W. DALE,
Clerk, U. S. Customs Court.

Upon appeal to this court we affirmed said judgment (Cottman & Co. v. United States, supra) and in our opinion stated:

As a result of these considerations we arrive at the conclusion that the court below did not err in finding that neither foreign-market value nor cost of production is shown by the record, and we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge. (Italics mine.)

It will be observed that there was no intimation in our opinion that a majority of the appellate division entertained the view that the appeals to reappraisement might well have been dismissed, but we agreed with Judge Cline's view that they might well have been dismissed, and we merely affirmed the judgment of the appellate division which remanded the cause "for further proceedings consistent with our decision herein."

I submit that the only decision made which received a concurrence of two judges of the appellate division was that the record did not establish either foreign value or the cost of production of the merchandise, and under the remand the trial judge was warranted in rendering any judgment which, in his opinion, the record might justify, except a finding upon such record of either foreign value or cost of production of the merchandise. If either the Government or the importer was dissatisfied with the conclusion of the trial judge, an appeal would lie following the regular procedure, to the appellate division, and there the parties were entitled to a review of the decision of the trial judge upon its merits. Presiding Judge Graham's opinion denies this remedy, and reads into the judgment of the appellate division a mandate based upon an obiter expression of one of the judges of the division, which expression was approved by us, our approval also being obiter. Had it been the view of this court that the appeal should be dismissed by the trial judge, we should have modified, instead of affirming, the judgment of the appellate division before us by including a direction to the trial judge to dismiss the appeals. This we did not do, but

merely affirmed the judgment of the appellate division remanding the cause to the trial judge for further proceedings consistent with the decision of said appellate division.

The appellate division complied literally with our mandate, as is shown by the following judgment appearing in the record before us:

This cause having come on for hearing before this court, and a decision having been rendered, and the appellant and appellees having thereafter appealed from said decision to the United States Court of Customs and Patent Appeals and said United States Court of Customs and Patent Appeals having transmitted to this court its mandate, by which it appears that the judgment of the United States Customs Court was affirmed,

Now, in conformity with the said mandate of the Court of Customs and Patent Appeals,

It is hereby ordered, adjudged, and decreed that the original judgment of this court in this case having been affirmed is hereby made the final judgment of this court.

GENEVIEVE R. CLINE,

WALTER H. EVANS,

*Judges of the United States Customs Court.*

Dated at New York. N Y.. this the 8th day of February 1933.

Upon the return of the cause to the trial judge, no action was taken thereon until October 1934, when the present counsel for appellee, having been substituted for the previous counsel, entered on October 11, 1934, a motion—

that the above-named appeals to reappraisement be dismissed and the entered values affirmed upon the ground that the original appraisements herein were unwarranted, illegal, null, and void for the reason that there was no foreign market value as found by the appraiser, nor any legal basis for cost of production for this phosphate rock upon which a dumping duty could be based.

The record shows that on November 14, 1934, said motion was argued, and on November 22, 1934, the trial judge rendered a judgment simply dismissing the appeals to reappraisement, and made no finding that the appraisements were null and void. A motion for rehearing was denied by the trial judge, whereupon appellee filed an application for review of the decision and judgment of the trial judge.

Such review resulted in the decision and judgment of the appellate division now before us in this appeal.

The said decision of the appellate division was unanimous, Judges Cline, Evans, and Keefe participating. It will be observed that it was Judges Cline and Evans who concurred in the judgment before us in *Cottman & Co.* v. *United States, supra.*

In this unanimous decision we find the following:

The record before us shows that, although the decision of one member of this division, published in Reap. Dec. 2136, stated that the appeals "might well have been dismissed by the trial court" under the principle stated in certain cited cases in which every element of dutiable value had not been shown by competent

evidence, nevertheless the judgment order, signed by a majority of the members of this division, merely reversed the court below and remanded the cause "for further proceedings consistent with our decision herein", thus leaving the actual disposition of the cases entirely in the discretion of the trial court, the only directions being that further proceedings should be "consistent" with the decision of the majority, published in Reap. Dec. 2136. This *judgment was affirmed* by the Court of Customs and Patent Appeals (20 C. C. P. A. 344, 360, T. D. 46114), the majority opinion therein containing the statement that "we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge." We are of the opinion that these statements in the appellate decisions cannot be construed as other than *obiter dicta*, since the judgment orders issued pursuant thereto do not specifically direct the lower court to dismiss the appeals.

I am in entire accord with the views above expressed, and while the appellate division in said quotation construed its own prior mandate, in my judgment the construction there given is the only proper construction that could be put upon said prior mandate.

Later in the unanimous opinion of the division is found the following:

* * * Judge Evans concurred in the judgment order remanding the cause for further proceedings, but expressed the view that there was no evidence in the record to support the findings of value made by the appraiser in several of the cases, and also stated that he believed the cause should be remanded to grant the parties a further opportunity to prove cost of production. On the question of cost of production, this member of the division stated, "in the absence of a statutory foreign-market value then the cost of production shall be the basis of computation" under the provisions of section 202 (a) of the Antidumping Act of 1921; but held that the evidence introduced in the cases at bar "failed to establish every element of cost of production as defined in section 206." It was in connection with the latter statement that this member of the division commented that the appeals "might well have been dismissed" by the trial court.

We are of the opinion that, in view of the aforementioned decisions of this division, the trial court, in conformity with the judgment order directing that further proceedings consistent therewith be had, was required to consider: (a) whether in view of the decisions of the appellate tribunal the evidence established that no statutory foreign-market value existed in the country of exportation during the period involved; (b) whether the importer should be given a further opportunity to establish evidence as to cost of production; (c) whether the appeals should be dismissed for failure of proof; and (d) whether, under the law as developed by the decisions in the case, the appraisements made by the appraiser were invalid. Cross-appeals were filed against the aforementioned decisions of this division of the court, and, in the final determination thereof, the majority opinion of the Court of Customs and Patent Appeals set forth fully their reasons for affirming the judgment below. When the cause eventually reached the trial judge on remand, he had before him the expressions of opinion not only of this division but also of the Court of Customs and Patent Appeals. From the broad statements of law and fact set forth in the majority opinion of the last-named court, we are of the opinion that the trial court had ample authority for finding that the appraiser's returns of foreign-market value herein are void as a matter of law. * * *

As stated in Presiding Judge Graham's opinion herein, the appellate division modified the judgment of the trial judge and remanded the cause to him "with instructions to issue judgment setting aside the void appraisements made under the Antidumping Act of 1921, and dismissing the appeals so far as they refer to nonexistent appraisements under the Tariff Act of 1922."

Presiding Judge Graham's opinion herein fails to pass upon the question of law, whether, upon the record, the appraisements appealed from should be held to be null and void, but reads into the judgment of the appellate division (affirmed by us in *Cottman & Co.* v. *United States, supra*), which judgment was a general remand for further proceedings "consistent with our decision herein", an *obiter* expression of one judge of the appellate division and a similar *obiter* expression of our own, viz., "we agree with the conclusion of Judge Cline that the appeal to reappraisement might well have been dismissed by the trial judge." Certainly, so far as the judgment before us upon this appeal is concerned, there is nothing inconsistent with any decision theretofore rendered by either the appellate division or by this court, for it involved a question of law that was not involved in any decision theretofore rendered by the division or by us.

It being my opinion that appellee, under the general remand, had the right to raise before the trial judge any question of law which could be raised upon the record and which had not been *decided* by the appellate tribunals, it follows that, if that opinion be correct, this court should decide the case upon its merits; this Presiding Judge Graham's opinion does not do, but finds that the appellate division did not carry out our mandate, although it literally complied therewith.

The question of whether, upon the record, the appraisements here involved were null and void is wholly a question of law, decided for the first time by the appellate division, although raised by appellee before the trial judge. This question, also, had never been considered by us in our prior decisions in this case.

It is my opinion that the appellate division committed error in holding said appraisements null and void, because I find nothing in the record from which such a conclusion may properly be drawn. It is true that in our decision in *Cottman & Co.* v. *United States, supra*, in affirming the judgment there appealed from, we held that neither foreign value nor cost of production of the merchandise was established by the record, but we did not hold that the record demonstrated that such cost of production could not be established.

The burden was upon the importer to establish that there was neither foreign value nor cost of production from which the appraiser could make a valid appraisement. Merely establishing that there was no foreign value was not the measure of the burden upon the importer. If such were the rule, an importer could win his case in

any reappraisement proceeding by merely establishing that the particular value, foreign, export, etc., found by the appraiser was improper because the merchandise should have been appraised upon some other value.

In the case at bar, when it was determined that there was no foreign value of the merchandise, the burden was still upon the importer to establish either the cost of production or that such cost of production could not have been determined by the appraiser. Upon the record before us, there is merely a deficiency of proof of cost of production; in other words, the appellee failed to sustain the burden upon it as to cost of production, and failed to establish that the appraisements were null and void. Hence the trial judge properly dismissed the appeals to reappraisement, and the appellate division erred in holding the appraisements null and void. I therefore agree with the conclusion reached by Presiding Judge Graham, but most earnestly disagree with the reasoning upon which such conclusion is based.

I am authorized to say that Judge Hatfield concurs in the views herein expressed.

DISSENTING OPINION

GARRETT, Judge: I am, and have been throughout the consideration of this case, after it was first presented to this court, in disagreement with my associates upon the merits, in that, in my opinion, dumping was not established. My reasons were stated to the extent deemed necessary in the light of such issues as were passed upon by the majority in our second decision. *J. H. Cottman & Co.* v. *United States*, 20 C. C. P. A. (Customs) 344, 360, T. D. 46114.

In the instant appeal a phase of the case which had not been presented at either of the previous hearings comes before us, and as to the disposition of this newly presented phase my associates are in disagreement, as evidenced by the opinions written, respectively, by Judges Graham and Lenroot. I concur in the main with the reasoning of Judge Lenroot that it requires consideration upon the merits but do not agree with his conclusion as to the merits. The result of both conclusions is the same. Under this situation the logic of my position seems to require that I dissent as to both opinions.

APPLICATION TO FILE A SECOND PETITION FOR REHEARING [Denied May 27, 1936].

PER CURIAM: On March 24, 1936, counsel for appellee in the above case filed with the clerk of the court a paper entitled "Petition of Appellee for Rehearing and Memorandum in Support Thereof." On April 2, 1936, counsel for the Government filed a motion to strike the petition, alleging its violation of rule VII of this court. Counsel

**388**

for appellee requested permission to reply to the Government's motion but the request was denied, the court exercising its discretion in that regard.

Rule VII reads:

A petition for a rehearing of any cause submitted to this court may be filed in the clerk's office at any time within 20 days from the date of final decision therein, unless further time be granted by the court or a judge thereof. Such petitions shall be printed and served upon opposing counsel in the same manner provided herein for briefs, and 15 copies thereof shall be filed with the clerk. The petition in each case shall be confined to a brief statement of points supposed to have been overlooked or misapprehended by the court, with proper references to the particular portion of the transcript of the record or original briefs relied upon, and with authorities and suggestions, concisely stated, in support of the points. The opposing party may at any time within 10 days thereafter, unless further time be granted, file with the clerk his objections to the granting of said petition, which shall be printed and served in a like manner as said petition, and the question shall thereupon be deemed submitted for decision: *Provided*, That if the party resides west of the Rocky Mountains there shall be allowed 10 days additional time for filing said petition or objections. Argumentative matter in the petition or in the objections to the grant thereof will not be permitted. Any petition or objection violating this rule will be stricken.

When the court came to examine the petition it was found that it did not conform to the requirement of that part of the rule which states that the "petition * * * shall be confined to a brief statement of points supposed to have been overlooked or misapprehended by the court * * *."

What may be regarded as the petition proper occupied a single page, but it was general in terms asking simply "for a rehearing of this cause, and for a reconsideration of the decision herein as rendered by this Court March 2nd, 1936."

It was then added:

The reasons for and in support of this petition are set forth in the annexed memorandum, which is referred to and made a part hereof.

The "annexed memorandum" comprised approximately twenty-nine printed pages. The first six pages embraced matter under the heading of "Preliminary Statement." In this part was included what counsel called an "imaginary statement", setting forth "our understanding of the views and the present attitude of the majority members of this Court." This "imaginary statement" was so worded as to render it, putting the matter mildly, in extremely bad taste, and it and other statements and implications in other parts of the memorandum were of doubtful propriety.

Ten points, purporting to be points of law, were printed in black face type. It was not alleged, however, that they had been overlooked, except that as to point 10 it was said that certain considerations had evidently "been overlooked" by "at least two of the judges." As to the other points it was assumed by us that the purpose was to

allege either overlooking or misapprehending upon our part; but in plain violation of that part of the rule which reads, "Argumentative matter in the petition   *   *   *   will not be permitted", the memorandum contained page after page of pure argument, interspersed after each point.

The paper being so clearly, even flagrantly, violative of rule VII, the court felt constrained to take the unpleasant course of sustaining the Government's motion to strike. It was so ordered, but out of consideration for the sensibilities of counsel, and in conformity with our usual practice in such cases, no opinion was written giving our reasons for so doing. Counsel for appellee by subsequent acts have rendered it desirable that our reasons be now stated.

The order to strike was entered April 20, 1936, and on May 8, 1936, there was received at the office of the clerk of the court fifteen copies of a printed paper entitled, "Petition of Appellee for Rehearing and Reconsideration of the Order dated April 20, 1936, and Memorandum in support Thereof." The text of the paper shows the petition to be twofold in character in that, first, it asks a rehearing upon the decision of March 2, 1936, and, second, a rehearing of the order to strike of April 20, 1936.

The immediate matter now before us is an application filed on May 16, 1936, asking the consent of the court to the filing of the last petition above described, it not having been filed by the clerk, who felt himself without authority to file it, except the court should direct that same be done, the rules of the court making no provision for the filing of a second rehearing petition.

The application has been duly considered, the subject matter of the unfiled petition being examined in connection therewith. As to the petition for rehearing and reconsideration of the decision of March 2, 1936, there is no conformity whatever with rule VII. So far as we can discern, no attempt is made to conform therewith. The defects in the first petition wherein there was a failure to confine it to "a brief statement of points supposed to have been overlooked or misapprehended by the court   *   *   *" are not cured in the second petition. No reason appears, therefore, why the court should exercise its discretion and permit the filing, at this late day, of a second petition for rehearing and reconsideration of the issues passed upon in the decision of March 2, 1936.

Upon the second point, that of a rehearing and reconsideration of the motion to strike the first petition, counsel for appellee present, by way of argument, the contention that they should have been permitted to reply to the Government's motion to strike it. This was a matter resting within the discretion of the court, and we were unable, and are yet unable, to see where argument could overcome the obvious and inescapable defects apparent in the petition itself.

A further contention in the offered petition is that where, as in reappraisement proceedings before this court, the court is limited to the consideration of questions of law only, a petition for rehearing "must of necessity contain statements appearing to be argumentative."

This court is not disposed to and does not construe its rules with a strictness which might deprive a litigant of substantial rights; nor is it disposed to enforce them with undue brusqueness. At all times we are guided by what seems to be reasonable and fair. Rule VII in its present form became effective as a rule of this court February 28, 1931. It is thought to be in harmony with the principle of rehearing rules of appellate courts generally, State and Federal. We think it reasonable, and we do not regard a fair compliance with its conditions as being difficult. Other counsel in many cases have found it possible to do so and have complied without complaint against the rule, so far as we are advised. It may be added that practically all the rules of the court before being adopted were submitted to and had the approval of representatives of the attorneys who practice before us in both the customs and patent jurisdictions.

We see no occasion to grant a rehearing and reconsideration of our order to strike the first petition of counsel for appellee, and, since the subject matter of the offered petition for such rehearing and reconsideration has been fully considered in connection with the application to file it, upon which application we are now passing, no good purpose could be served by filing it and making it the subject of further discussions and orders.

The application to file the petition is, therefore, *denied*.