FREDERICK J. LOWREY, GEORGE P. CASTLE AND WILLIAM O. SMITH, TRUSTEES, *v.* TERRITORY OF HAWAII.

APPEAL FROM CLERK RE TAXATION OF COSTS.

ARGUED AUGUST 27, 1908.                    DECIDED SEPTEMBER 8, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

COSTS.

> The United States Supreme Court having reversed with costs the judgment of this court sustaining defendant's demurrer, and having remanded the cause, the defendant, who finally prevailed, cannot tax against plaintiffs the costs which it paid pursuant to the mandate of the appellate court.

Lowrey v. Territory of Hawaii, 19 Haw. 179.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by plaintiffs from the ruling of the clerk in regard to the taxation of costs. The judgment of this court sustaining defendant's demurrer was reversed with costs by the United States Supreme Court and the cause was remanded. 206 U. S. 206. Then, after a trial upon the facts, this court found for the defendant. The clerk taxed against the plaintiffs as part of the costs an item of $102.50, which were the costs on appeal to the United States Supreme Court and which were paid by the defendant pursuant to the mandate of that court. From that ruling plaintiffs appeal.

It is claimed on behalf of defendant that the item in question was an "actual disbursement" within R. L. Sec. 1889, and having been deemed reasonable by the taxing officer should be allowed to stand, as it finally prevailed in the litigation. On the other hand, plaintiffs claim that as they prevailed in the United States Supreme Court and as that court ordered the costs of such appeal to be paid by defendant, this court cannot directly or indirectly reverse that order. Irrespective of whether the amount was an "actual disbursement" within the meaning of our statute, it is our opinion that the contention of plaintiffs is correct.

There are two methods of awarding costs. All costs may be taxed against the party finally losing irrespective of the disposition of interlocutory pleadings, or the costs of an unsuccessful demurrer or plea may be taxed against the pleader irrespective of the final outcome of the case. It is argued that the first method is in accordance with the practice in this jurisdiction, following an old rule of court no longer in force (Rule 14, April 1, 1887. 5 Haw. iv.) The item now in dispute, however, is governed by the practice of the United States Supreme Court which, as shown by the mandate in this very case, is to tax the costs of a demurrer against the unsuccessful pleader.

Lowrey v. Territory of Hawaii, 19 Haw. 179.

.The ruling of the clerk is reversed and the amount of $102.50 in the defendant's bill of costs is disallowed.

*C. H. Olson* for plaintiffs.

*A. D. Larnach; Deputy Attorney General,* for defendant.