## ROBERSON et al. v. DRANEY et al.

No. 3343.   Decided June 17, 1919.   (182 Pac. 212.)

1.  APPEAL AND ERROR—DECISIONS REVIEWABLE—FINAL JUDGMENTS. Appeals may be taken only from final judgments. (Page 529.)
2.  APPEAL AND ERROR—APPEAL FROM FINAL JUDGMENT—ASSIGNABLE ERRORS. On appeal from final judgment, appellant may assign any error respecting any order and ruling of the court during the proceedings which may materially affect the judgment. (Page 529.)
3.  APPEAL AND ERROR—CROSS-ASSIGNMENT OF ERROR. District court's order on motion to retax and disallow certain costs awarded in Supreme Court held merely introductory recital to the judgment taxing the costs, and not a part of the judgment proper, so that contention that cross-assignments of error must be limited to matters in order was untenable. (Page 529.)
4.  APPEAL AND ERROR—PROCEEDINGS—CONSTRUCTIONS. Appeals to Supreme Court being guaranteed by the Constitution, the proceedings relating thereto, in case the jurisdictional steps have been taken, must be liberally construed so as to effectuate the

exercise of the right, rather than fritter it away by a strict construction.   (Page 529.)

5.   Costs—Amount—District Court.   District court in taxing costs may not allow either more or less than amount fixed by statute, nor interfere with amount when fixed by another court, except on proper proceedings.   (Page 531.)

6.   Costs—Appeal—Power of District Court.   Comp. Laws 1917; section 7048, providing that, upon filing in district court of costs awarded by Supreme Court, adverse party may move the court "to correct the bill of costs as in other cases," though authorizing district court to decide question of fact, such as number of pages of abstract or brief, or computation of amount, does not empower it to review judgment of Supreme Court awarding costs, since application may be made to Supreme Court itself for correction of award if there is unnecessary or improper matter in printed abstract of record or briefs.   (Page 531.)

7.   Appeal and Error—Cross-Errors.   Cross-errors may be assigned to correct errors which directly inhere in the judgment appealed from, but not otherwise.   (Page 532.)

8.   Appeal and Error—Cross-Assignments of Error.   Cross-assignments of error which directly go to the things which are necessarily involved on the appeal will be considered.[1]   (Page 532.)

9.   Appeal and Error—Cross-Errors—Judgment Retaxing Costs.   On plaintiff's appeal from district court's judgment taxing costs awarded defendant by Supreme Court, on ground that district court's award was excessive, defendant may assign inadequacy of award as cross-error.   (Page 532.)

Appeal from District Court, Second District, Weber County; *A. E. Pratt*, Judge.

Action by C. F. Roberson and others against William H. Draney and others.   Judgment for plaintiffs reversed by Supreme Court, and action dismissed, with costs to defendants; and, from judgment taxing costs, plaintiffs appeal.

Reversed and remanded with directions.

*John G. Willis* of Ogden, for appellants.

---

[1] *Railroad* v. *Board of Education*, 35 Utah, 13, 99 Pac. 263.

*C. R. Hollingsworth* and *H. H. Henderson*, both of Ogden, for respondents.

FRICK, J.

This is an appeal from a judgment of the district court of Weber county entered February 11, 1919. The judgment appealed from is based on a motion of the plaintiffs in which they moved the district court to retax and to disallow certain costs which were allowed in this court on a former appeal of this case, on which appeal (53 Utah, 263, 178 Pac. 35) this court, on the 18th day of December, 1918, entered judgment reversing the judgment of said court and directed it to dismiss the action and awarded costs taxed in this court to the defendants. The costs involved here are a part of the expense of printing the abstract of the record on the former appeal by the defendants, who were appellants on the former appeal.

Rule 11 (33 Utah, ix, 175 Pac. vii) of this court, among other things provides that the "expense of printing abstracts and briefs, not to exceed ninety cents for each page of actual printed matter, may be taxed as other costs." In accordnace with that rule, the cost of printing appellants' abstract was awarded to them by the judgment of this court. The appellants on the first appeal obtained a remittitur from this court in due time, and, pursuant to Comp. Laws Utah 1917, section 7048, filed a memorandum of their costs in the district court from which the former appeal was taken. That section reads as follows:

"Whenever costs are awarded to a party by an appellate court, if such party claims costs, he shall, within thirty days after the remittitur is filed with the clerk below, serve upon the opposite party a memorandum of his costs, verified as prescribed by law, and deliver the same to the clerk of the court below; provided, that if a remittitur be filed by the party against whom the costs are awarded, that party shall serve written notice of the filing thereof on the party to whom the costs are awarded, and the period for filing the cost bill shall begin to run with the service of such notice. The cost to be awarded to a party as provided in this and the preceding sections shall include the reasonable cost of printing transcripts and briefs, and of transcribing the stenog-

rapher's notes or minutes of the trial of hearing. The opposite party, may, within ten days after service of the memorandum of costs, upon notice given, move the court below to correct the bill of costs as in other cases. Upon the decision of the motion, the clerk shall forthwith attach the memorandum of costs to the remittitur, and annex both to the judgment roll, and enter minutes of his doings in the judgment docket. Thereafter the judgment of the appellate court shall constitute and stand as the judgment of the court below, and become a lien upon the real property of the party against whom the costs are awarded, with the right of execution therefor as in other cases."

After the remittitur was filed, the plaintiffs filed their motion in said court to retax and to disallow the costs for printing certain pages of the printed abstract used on the former appeal, upon the alleged ground that the printed abstract contained "matter not properly or necessarily a part of the abstract," and the district court made an order allowing plaintiffs' claim in part and entered judgment accordingly. The order and judgment read as follows:

"Plaintiffs' objections to defendants' cost bill on appeal in this action having heretofore been argued and submitted to the court and by the court taken under advisement, comes now the court and, being sufficiently advised in the premises, sustains said objections as to the following pages of the abstract on appeal, 259 to 308, both inclusive, and 330 to 346, both inclusive, making 67 pages in all; for the reason that the matters and proceedings set forth thereon are not properly a part of the record on said appeal:

"It is, therefore, hereby ordered that defendants' cost bill be reduced in the sum of $50.25, to the sum of $656.17 which sum is hereby taxed as defendants' reasonable costs and disbursements on appeal."

The plaintiffs appeal from the judgment, and the only error assigned is that the "court erred in allowing defendants' costs for printing certain pages of the abstract" for the reasons before stated. Upon the other hand, counsel for defendants have assigned cross-errors, insisting that the district court erred in disallowing them the costs of printing the abstract as allowed by this court on the former appeal. Plaintiffs now contend, however, that, in view that the appeal is not from the whole judgment, therefore defendants may not assign cross-errors.

In view of the record, it is difficult to understand just what plaintiffs intend by the contention just stated. We have set forth the court's order and judgment in full. How it is possible to appeal from only a part of the judgment entered by the district court is quite beyond comprehension. If in this jurisdiction an appeal could be taken from an order as well as from the final judgment, there might be some merit to plaintiffs' contention. In this jurisdiction, however, appeals may be taken only from final judgments and from nothing else. That has so often been declared by this court that it would be merely a work of supererogation to refer to the numerous decisions. When an appeal is taken from a final judgment, however, the appellant may assign any error respecting any order or ruling of the court during the proceedings which may materially affect the judgment. In **1-4** this case, therefore, if plaintiffs have appealed at all, they have appealed from the judgment entered by the district court by which defendants were awarded costs in the sum of $656.17. Plaintiffs contend that that sum is excessive, and that it should have been further reduced. The judgment is therefore erroneous, if erroneous at all, because it is excessive. No other conclusion is permissible. The court's order which we have copied is no part of the judgment proper, and, standing alone, would perform no function whatever. It is merely an introductory recital which could have been omitted without affecting the judgment. If there is any appeal, therefore, it is from the judgment and from nothing else. Appeals to this court being guaranteed by the Constitution, the proceedings relating thereto, in case the jurisdictional steps have been taken, must be liberally construed so as to effectuate the exercise of the right rather than to fritter it away by a strict construction. In referring to this matter, the Supreme Court of Nevada, in *Bliss* v. *Grayson*, 24 Nev. 422, 56 Pac. 231, held:

"Notices of appeal are to be liberally construed, and they will be held sufficient if, by a fair construction or reasonable intendment, the court can say that the appeal is taken from a judgment * * * in a particular case."

If that rule be applied here, plaintiffs' appeal must be held to be from the judgment which we have set forth.

In view that such is the case, the question arises: What is invoked on this appeal? If the district court had the power to determine the question of whether the printed abstract of the record on the former appeal to this court contained improper or unnecessary matter, and that court found that such was the fact, then the costs claimed by the defendants may have been excessive to the extent that improper or unnecessary matter was contained in the printed abstract. Did the district court have the power to determine the question what matters are or are not proper to be printed in the abstract of the record in this court, or what matters are or are not necessary to be so printed? Plaintiffs contend that the district court is clothed with such power by reason of the statement contained in section 7048, supra, that it may "correct the bill of costs as in other cases." But what may that court do in other cases? No doubt, in case there is a dispute respecting any question of fact, or in case there is a difference of opinion respecting the law, it may determine that question. The district court, however, may not allow either more or less than the amount fixed by statute; nor can it, in case the amount has been fixed by another court, interfere with the amount so fixed, except upon proper proceedings familiar to all lawyers. The language of the statute, therefore, must be given a reasonable construction and effect. Manifestly, that section may not be so construed as to give the district courts power to review the judgments of this court in awarding costs pursuant to the rules of this court. Whether certain matters contained in the printed abstract of the record filed in this court are proper or improper, or are necessary or unnecessary, can only be determined by this court. If the losing party claims that the costs taxed against him are excessive for the reason that either the printed abstract or the printed brief, or both, contains improper or unnecessary matter, he may apply to this court to have the matter corrected. If, however, no such application is made, or if one be

made and the same is denied, the costs allowed in this **5, 6** court for printed abstracts and briefs are manifestly binding upon the district court. True it is that the successful party may file a memorandum of costs in the district court in which he may claim a number of pages in excess of what are printed in the abstract; and that is also true with respect to the brief. Or he may have made a mistake in counting the pages or in computing the amount that is due him for printed abstracts and briefs, and in such event undoubtedly the district court may determine the matter according to the fact, and it may reduce the claim to the amount allowed by the rules of this court or the law of this state. That court, however, may not prescribe to this court what matters are proper or not, to be printed in the printed abstracts and briefs. To do that is to exercise the right of reviewing the judgments of this court, which power the district court does not possess. In this case it would not only amount to that, but it would amount to a review of the judgment of this court without giving us the right to pass on and correct the alleged wrong, if any.

In *Lowry* v. *Territory*, 19 Haw. 179, it is held that the inferior courts may not revise the costs allowed by the appellate courts. To the same effect is *Hall* v. *Hall*, 45 S. C. 4, 22 S. E. 881. Moreover, it would result in compelling each case in which the district court interfered with the costs allowed in this court to be brought to this court again after it had been determined. Why compel a second appeal when the matters can be adjusted on the first one and by the only court in which is vested the final authority to review?

This brings us to the question of whether the defendants may assign cross-errors respecting the district court's interference as hereinbefore stated. Cross-errors may be assigned to correct errors which directly inhere in the judgment appealed from, but not otherwise. This court has repeatedly held that, if only a certain part of a judgment is appealed from, as in the case of *Rosenthyne* v. *Matthews-McCulloch Co.*, 50 Utah, 38, 168 Pac. 957, or where an independent portion of a judgment or decree which is not involved in the appeal is sought to be cor-

rected on cross-errors, as in the case of *Big Cottonwood Tanner Ditch Co.* v. *Shurtliff*, 49 Utah, 569, 164 Pac. 856, and in the case of *McCornick & Co., Bankers,* v. *National Copper Bank.*, 49 Utah, 296, 163 Pac. 1097, cross-assignments   **7-9** of error cannot reach such parts of the judgment but cross-appeals are necessary if it is intended to review the judgments referred to. Where, however, as in the case of *Railroad* v. *Board of Education*, 35 Utah, 13, 99 Pac. 263 cross-assignments of error directly go to the things which are necessarily involved on the appeal, this court may consider the cross-assignments of error. Now, in this case, plaintiffs appeal from a judgment in which they contend the court erred in awarding defendants costs in excess of what they are entitled to, and, upon the other hand, defendants assert that the court awarded them an inadequate amount of costs, and hence the judgment is erroneous for that reason. Plaintiffs' assignment of errors and defendants' cross-assignment of errors therefore manifestly relate to the same judgment and to the same act of the court. The defendants are therefore clearly within their rights in availing themselves of the cross-assignment of errors. If therefore we are right in our conclusion that the district court was powerless to determine the matters to which we have referred, it committed manifest error in striking certain pages from the printed abstract and in denying the defendants the costs taxed in this court for those pages, and in entering the judgment before stated. It may well be that the pages complained of, or some of them, contained improper or unnecessary matter; but that question should have been presented to this court, and not to the district court.

For the reasons stated, the judgment is reversed, and the case is remanded to the district court of Weber county, with directions to reinstate the amount stricken by that court and to enter judgment for the defendants for the amount of costs allowed in this court. Defendants to recover costs on this appeal.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.