## DA ROUCH et ux. v. DISTRICT COURT OF THIRD JUDICIAL DISTRICT IN AND FOR SALT LAKE COUNTY et al.

No. 5959.   Decided June 9, 1938.   (79 P. 2d 1006.)

*Harley W. Gustin* and *Ralph Ottenheimer,* both of Salt Lake City, for plaintiff.

*Irvine, Skeen & Thurman,* of Salt Lake City, for defendants.

FOLLAND, Chief Justice.

This is an original proceeding by way of a writ of certiorari directed to the District Court of the Third Judicial District in and for Salt Lake County to review an order made by Hon. James W. McKinney, one of the Judges thereof, taxing costs on appeal pursuant to an order of this court in favor of the defendant herein, Ella F. Nelson, and against the plaintiffs herein, Frank A. DaRouch and Caroline DaRouch, his wife. To plaintiffs' petition for the writ of certiorari, defendants demurred.

The facts leading up to this dispute are as follows: Ella F. Nelson, a defendant herein, commenced an action in the Third Judicial District against plaintiffs herein. Judgment was rendered in favor of the present plaintiffs on a counterclaim and against present defendant Nelson. On appeal by Nelson, this court reversed the judgment of the trial court, remanded the cause for a new trial, and awarded costs to appellant. See *Nelson* v. *DaRouch*, 87 Utah 457, 50 P. 2d 273. After remittitur and within the time allowed by statute, Mrs. Nelson served and filed in the District Court her memorandum of costs to which plaintiffs herein filed their motion to retax. While the motion to retax was still pending before the court, the cause came on for trial. At that time defendants DaRouch dismissed their counterclaim. On the third day of the trial, plaintiff Nelson moved for a voluntary dismissal of her action without prejudice, and the motion was granted. Shortly after dismissal was entered, Mrs. Nelson called up for hearing and final disposition the motion to retax. When the matter came on before the court defendants DaRouch moved to strike the cost bill and motion to retax on the ground that the court was without jurisdiction. The motion was denied, costs retaxed, and the amount thereof duly entered. Defendants DaRouch thereupon filed their petition in this court for a writ of certiorari. The ultimate question to be determined is whether, after granting the motion to dismiss, the trial court could still retax costs of

a prior appeal which costs this court had awarded in favor of Nelson.

Costs are a creature of statute, and therefore must be governed by statute. Our statute with respect to costs on appeal, Sec. 104-44-15, R. S. Utah 1933, is as follows:

"Whenever costs are awarded to a party by an appellate court, if such party claims costs, he shall, within thirty days after the remittitur is filed with the clerk below, serve upon the opposite party a memorandum of his costs, verified as prescribed by law, and deliver the same to the clerk of the court below; provided, that if a remittitur is filed by the party against whom the costs are awarded, that party shall serve written notice of the filing thereof on the party to whom the costs are awarded, and the period for filing the cost bill shall begin to run with the service of such notice. The costs to be awarded to a party as provided in this and the preceding sections shall include the reasonable cost of printing the record and briefs, and of transcribing the reporter's notes or minutes of the trial or hearing. The opposite party may, within ten days after service of the memorandum of costs, upon notice given, move the court below to tax the costs as in other cases. Upon the decision of the motion, the clerk shall forthwith attach the memorandum of costs to the remittitur, annex both to the judgment roll, and enter minutes of his doings in the judgment. docket. Thereafter the judgment of the appellate court shall constitute and stand as the judgment of the court below, and become a lien upon the real property of the party against whom the costs are awarded, with the right of execution therefor as in other cases."

A judgment of the appellate court, awarding costs on appeal to the prevailing party is a final determination as to which party has a right to recover costs. This judgment cannot be disturbed nor altered by the lower court. Nor can the lower court refuse or fail to award costs as indicated by the appellate court if the party entitled to costs complies with the statutory requirements and does not otherwise waive his right to have costs. *Roberson* v. *Draney*, 54 Utah 525, 182 P. 212; *Mayor etc., of Marysville* v. *Buchanan*, 3 Cal. 212; *San Antonio Machine & Supply Co.* v. *Allen*, Tex. Civ. App., 279 S. W. 493; *State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 P. 244; *In re*

*Williams' Estate*, 52 Mont. 366, 157 P. 963. In the latter case the court said:

"We directed that the costs of appeal be charged against the respondents. We were not requested to modify that order, and it became final when the remittitur issued. Over that order the district court had no jurisdiction except to enforce it. It might determine disputed items of cost (*State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 P. 244), but it could not change or modify the order as made by this court."

Therefore, defendant Nelson was entitled to her costs upon the judgment of this court rendered in the former appeal, irrespective of and in spite of any subsequent action on the part of the lower court on retrial of the case. The only way her right to costs could be defeated would be by some act or omission on her part which would prevent her from recovering her costs awarded by this court. Inasmuch as there is no question that defendant Nelson complied strictly with the statutory requirements concerning the filing of cost bill and serving the same on plaintiffs herein, the next question to be determined is whether she subsequently waived her right to costs. Clearly she did not. At no time did she give any indication that she did not intend to claim her costs. In the very words of plaintiffs' counsel, "Immediately *after* the court had granted the motion for dismissal, Mrs. Nelson called up for hearing and final disposition the motion to retax." There can be no doubt that defendant fully intended to enforce her right to costs on prior appeal to this court.

The final question then is whether, irrespective of any lack of waiver on the part of defendant, the order of the trial court dismissing the suit without prejudice, on motion of defendant Nelson, was such a determination that it ousted the court of jurisdiction to tax the costs on appeal after the motion to dismiss had been granted. This question must also be answered in the negative. Section 104-44-15, R. S. Utah 1933, quoted above, states in part:

"Upon the decision of the motion [to tax costs], the clerk shall forthwith attach the memorandum of costs to the remittitur, annex both to the judgment roll, and enter minutes of his doings in the judgment docket. Thereafter the judgment of the appellate court shall constitute and stand as the judgment of the court below, and become a lien upon the real property of the party against whom the costs are awarded, with the right of execution therefor as in other cases."

Nothing is said there about it being necessary to tax the costs before entering the judgment of the appellate court in the judgment docket. In fact, in view of the next section, 104-44-16, it is contemplated that there will be times when the costs have not been taxed at the time judgment is entered. This section reads:

"The clerk must include in the judgment entered by him any interest on the verdict or decision of the court from the time it was rendered or made, and the costs, if the same have been taxed or ascertained; and he must, within two days after the same are taxed or ascertained, *if not included in the judgment,* insert the amount thereof in a blank left in the judgment for that purpose, and make a similar insertion of the costs in the copies and docket of the judgment." (Italics added.)

This statute has reference to judgments of the trial court and judgments of the appellate court as well. Suppose in the present case the appellate court had ordered a dismissal of the cause and had given costs to appellant. Would it have been impossible for the clerk in the district court to enter the judgment until the costs of appeal had been taxed by the court? In the case of *Lasby* v. *Burgess,* 88 Mont. 49, 289 P. 1028, the Supreme Court of Montana issued a remittitur in which it stated: "It is now here ordered and adjudged by this Court that the judgment of the court below * * * be and the same is hereby reversed and the cause remanded to the district court of Broadwater county with direction to dismiss the action. The appellant will recover his costs upon this appeal." The clerk of the district court filed a judgment which read in part as follows: "Said action is hereby dismissed with costs in favor of the defendant and against the said plaintiffs" and entered the amount

asked for by defendant in his cost bill. Subsequently plaintiff, within the statutory time, moved the court to retax the costs, which the court did. Upon a subsequent appeal which involved the validity of the judgment entered by the clerk and the subsequent taxation of costs by the court, the Supreme Court of Montana, in *Lasby* v. *Burgess,* 93 Mont. 349, 18 P. 2d 1104, 1106, held:

"That judgment [of the Supreme Court on appeal] fixed the time within which the cost bill for costs and disbursements in the court below should be filed. The clerk, however, apparently inserted the item of costs in the judgment prematurely. He should not have done this until after the costs were taxed or ascertained. Section 9806. But this did not affect the validity of the judgment. Having inserted the costs in the judgment before they were taxed, *he should have corrected the judgment after they were taxed and ascertained.*" (Italics added.)

In the later case of *Gahagan* v. *Gugler,* 100 Mont. 599, 52 P. 2d 150, the court, in speaking of taxing costs on appeal, said (page 152) :

"* * * although the order taxing costs follows the entry of judgment in point of time, it is in theory an intermediäte order, and, when taxed, the costs are inserted in the blank left in the judgment as originally entered (section 9806, Rev. Codes 1921) and become a part of the judgment theretofore entered (*In re Williams' Estate,* 52 Mont. 366, 157 P. 963; *Ferris* v. *McNally,* supra [45 Mont. 20, 121 P. 889]), without changing the date of entry of judgment."

Suppose in the present case defendant Nelson, who was the plaintiff in the former suit, had not moved to dismiss her case voluntarily, but defendants therein had moved for a judgment of nonsuit at the close of her case. Could Nelson have then objected to entering a judgment of nonsuit, or any other judgment, because the court had not taxed her costs on the prior appeal? Certainly such an objection would not have been sustained. Yet, plaintiffs herein would have us believe that no judgment could be entered in the court below before Nelson's costs, to which she was entitled as a matter of judgment from this court, had been

taxed by the trial court, unless by such action Nelson's right to have her costs assessed was lost.

From the above analysis and illustrations, it follows that the remittitur, when filed in the District Court, was a judgment of this court awarding costs in favor of Nelson, defendant herein, and was a final determination of that issue which could not be disturbed or altered subsequently by the trial court. After Nelson complied with the requirements of the statute as to filing her cost bill, there was nothing left for the lower court to do but to tax the costs (upon motion of the other party), and this could in no way affect Nelson's right to costs theretofore obtained. Inasmuch as it is often necessary for the court to enter judgment before taxing costs, which fact is recognized by our statute, defendant Nelson did not lose her right to costs on appeal by voluntarily dismissing her suit in the lower court.

The judgment of the lower court taxing costs in favor of defendant Ella F. Nelson herein, in accordance with a former judgment of this court, is hereby affirmed. Costs to defendant Nelson.

EPHRAIM HANSON, MOFFAT, and LARSON, JJ., concur.

WOLFE, Justice (concurring).

I concur. The judgment for costs incurred by appeal obtained its force from the judgment of this court. Whatever may happen to the case in the lower court after remittitur, the judgment of this court stands. The procedure for ascertaining the actual amount of costs is ancillary to the order for costs given by this court. The lower court in that matter acts on a reference. If the case is dismissed after remittitur by the lower court, it makes no difference whether the matter of ascertaining the costs on appeal is concluded or even started before dismissal so long as the respective acts for the ascertainment of costs are done within the times called for by the statute.