338

## BASTIAN v. ERICKSON.
### No. 2153.

Circuit Court of Appeals, Tenth Circuit.
Aug. 22, 1940.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

A. W. Hougaard, of Salt Lake City, Utah (A. H. Hougaard, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, HUXMAN, and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

The question presented by this appeal concerns itself with procedural steps required by Section 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. A contract was executed August 15, 1938, wherein appellee sold appellant certain real and personal property. The personal property consisted of machinery, livestock and growing crops. The consideration was $14,000, which was to be paid as follows: $2,000 more or less on February 1, 1939, and $1,000 on the first day of each February thereafter until the entire consideration, together with interest, was paid. Appellant was also to pay the taxes beginning with the year 1938 and a mortgage to the California Western States Life Insurance

Company, of $900. The payment of the $900 mortgage was to be deducted from the $2,000 due February 1, 1939. Possession of the premises, together with the growing crops, was delivered on the date of the contract. The growing crops, partly matured and partly harvested, were valued at about $1,500. The only payment made by appellant after the execution of the contract was the mortgage of $900 to the insurance company, together with interest of $53.91. This payment was made from proceeds realized from the 1938 crops. The contract provided that thirty days grace was allowed in making the payments and that if the payments were not made as required by the contract, the vendor "shall have the right to re-enter and take peaceable possession of said lands and improvements and of this agreement and the warranty deed and all other papers pertaining to this agreement." After default, appellee served notice of default and demanded surrender of the premises. Possession being refused, she filed an action in the District Court of Wayne County, Utah, for cancellation of the contract and for the possession of the premises. The decision of the trial court was in favor of appellant. An appeal was taken to the Supreme Court of Utah. May 4, 1940, the Supreme Court rendered its decision reversing the trial court, and entering the following decree, 102 P.2d 310, 314: "The judgment of the trial court is reversed. The cause is remanded with directions to make findings according with the views expressed herein and enter a decree awarding the plaintiff the possession of the property."

May 17, 1940, appellant filed his petition in the District Court of the United States for the District of Utah for relief under Section 75 of the Bankruptcy Act. He scheduled and listed as assets all of the property involved in the contract. The petition was referred to the Conciliation Commissioner. No report was ever made by the Conciliation Commissioner.

May 28, 1940, appellee filed her petition in the bankruptcy proceeding, reciting the proceedings had, and alleged that appellant was not the owner of the property described in the petition; that his contract and right thereto had been cancelled by the decision of the Supreme Court of the State of Utah; that possession of the property to appellee had been ordered by the court; and prayed that it be decreed that appellant did not own any interest in the property, that the property be stricken from the petition, and the petition filed under Section 75, subs. a to r, of the National Bankruptcy Act be dismissed. May 28, 1940, the court issued its order directed to appellant to show cause why the prayer of the petition should not be granted. On June 1, 1940, the court issued its order authorizing the District Court of Wayne County, Utah, to proceed in accordance with the decision of the Supreme Court of Utah and to make findings of fact and conclusions of law and a decree pursuant to said decision, and directed that copies of such findings of fact, conclusions of law and decree after they had been made, be filed in the bankruptcy court.

June 20, 1940, appellant filed his petition in the bankruptcy court, praying the court to issue an order directed to appellee and to the Sheriff of Wayne County, Utah, to show cause why the court should not make and enter an order restraining the Sheriff from executing a writ of execution issued by the state court and from in any way interfering with the possession of appellant over the property. Such an order to show cause was issued.

June 27, 1940, appellee filed her petition alleging her ownership and right to the possession of the property under the decree of the Supreme Court of Utah, and asked to be permitted to proceed to recover the possession and control of the property. June 28, 1940, after hearing had, the court entered its order dismissing the petition of appellant, and ordered that all the property in controversy be stricken from the petition and schedules in the bankruptcy proceeding. From this order an appeal has been taken to this court.

It is appellant's theory that the filing of his petition under Section 75 of the Bankruptcy Act, May 17, 1940, subjected all this property to the exclusive jurisdiction of the bankruptcy court and that under Subsection o the bankruptcy court had no power or authority to strike the property from the schedules or authorize the District Court of Wayne County to proceed to enter judgment in accordance with the mandate of the Supreme Court prior to a hearing and a report of the Conciliation Commissioner.

Section 75, sub. n of the Bankruptcy Act, as amended, provides that upon the filing of a petition, all property or interest in property of the debtor petitioner shall be subject to the exclusive jurisdiction of the bankruptcy court. Subsection o pro-

vides that none of the listed proceedings, including proceedings by way of execution, attachment or garnishment seizure, distress sale or other proceedings, shall be had in any court unless granted by the judge after a hearing and report of the Conciliation Commissioner. Subsection p provides that the prohibitions of Subsection o shall apply to all judicial or official proceedings in any court, or under the direction of any official.

Section 75, sub. n, vests exclusive jurisdiction of the debtor and all of his property or any interest therein in the District Court on the filing of the petition. Thereafter no action or proceeding may be maintained against the debtor in any other court or jurisdiction with relation to any of his property except by permission of the District Court.

Under Subsection o, upon application therefor the court may grant a petitioner permission to proceed in some other court against the debtor or his property. Whatever doubt may have existed as to the interpretation of Subsection o has been cleared away under the decisions of the Supreme Court. The District Court has jurisdiction to grant permission to proceed against the debtor or his property in some other jurisdiction only after a hearing and report by the Conciliation Commissioner. Union Joint Stock Land Bank of Detroit v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041, decided by the Supreme Court April 22, 1940; McFarland v. West Coast Life Ins. Co. et al., 9 Cir., 112 F.2d 567. No hearing having been had before the Conciliation Commissioner, it follows that the District Court was without jurisdiction to grant appellee permission to proceed in any other court with relation to any property in which appellant had an interest. If appellant had any interest in or claim to the property listed in the schedules of appellant, on May 17, 1940, the court was in error in striking the property from the schedules, and the cause must be reversed. If, on the other hand, on May 17, 1940, appellant had no property rights or claims to the property listed, the disposal made by the trial court must be sustained.

Subsections n, o, and p of Section 75 of the Bankruptcy Act concern themselves with property rights of an applicant and contain provisions for the benefit of the bankrupt. A petitioner under Section 75 could not list property in which he clearly had no interest and thereby confer exclusive jurisdiction over such property upon the District Court and compel the owner thereof to litigate his rights to such property in the bankruptcy proceeding. Union Joint Stock Land Bank of Detroit v. Byerly, supra.

Whether appellant had any property rights or claims to the property listed must be determined by the effect to be given to the decision of the Supreme Court of Utah. In its decision the Supreme Court held that when appellant failed to make the payments required February 1, 1939, he breached his contract, and appellee thereby became entitled to the property and to the possession thereof. Erickson v. Bastian, Utah, 102 P. 2d 310, 314. It entered the following judgment: "The judgment of the trial court is reversed. The cause is remanded with directions to make findings according with the views expressed herein and enter a decree awarding the plaintiff the possession of the property." If this constituted final adjudication of the claims of appellant to the property in controversy, then appellant had no right, title or interest to this property on May 17, 1940, when he filed his petition in the District Court and the District Court could acquire no jurisdiction of the property, and as was said in the case of Union Joint Stock Land Bank v. Byerly, supra, it would be a vain and useless thing to refer the administration of this property to the Conciliation Commissioner for his report because it no longer belonged to the debtor.

Where the judgment of a trial court is reversed by the Supreme Court with directions to enter a certain definite judgment, the trial court is bound to render the specific judgment and may not modify or alter the judgment in any way. Da Rouch v. District Court, 95 Utah 227, 79 P.2d 1006, 116 A.L.R. 1147; Galbreath v. Wallrich et al., 48 Colo. 127, 109 P. 417, 139 Am.St.Rep. 263.

In Litchfield v. Dubuque & P. R. Co., 7 Wall. 270, 272, 19 L.Ed. 150, the Supreme Court said: "After the decision by this court, the court below had no power but to enter a judgment according to the mandate, and to carry that judgment into execution. *This was the end of the case."* (Italics supplied.) Where a particular judgment is directed by an appellate court, the lower court in entering such judgment does not act on its own motion but in obedience to its superior and no modification of such judgment can be made by the lower court. Its

act is a purely ministerial one. Mountain Home Lbr. Co. v. Swartwout, 33 Idaho 737, 197 P. 1027; 5 C.J.S., Appeal and Error, § 1950. In such case the lower court cannot rehear or reconsider the matters decided by the appellate court, and it is the duty of the lower court to follow the decision of the appellate court. 5 C.J.S., Appeal and Error § 1964. So it has been held that the direction to enter judgment being a ministerial act, it may be done by the clerk and need not be done by the court or judge. 5 C.J.S., Appeal and Error, § 1978. In Sibbald v. United States, 12 Pet. 488, 491, 492, 9 L.Ed. 1167, in discussing the effect of a mandate from a court of last resort, the court said: "When the Supreme Court have executed their power in a cause before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but shall send a special mandate to the court below to award it. * * Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. They cannot vary it, or examine it for any other purpose than execution, or give any other or further relief, nor review it upon any matter decided on appeal for error apparent; nor intermeddle with it, further than to settle so much as has been remanded."

When appellant breached his contract by failing to make the payments, appellee contended that his rights thereunder were at an end and that she was entitled to the possession of all of the property and the return of the papers. She filed her petition in a court of competent jurisdiction, asserting these rights. Appellant contested her right to the property and asserted a right and interest therein in himself. The trial court held that he had such a right. The cause was appealed to the Supreme Court, which on the 4th day of May, 1940, reversed the District Court, holding that appellant had forfeited his rights to this property and that appellee was entitled thereto and to possession. It entered its judgment to this effect and issued its mandate directing the District Court to enter such a judgment. This concluded the litigation and was a conclusive and final determination of the controversy. Thereafter appellant had no title or interest in or to this property. Having no interest in the property, the filing of his peti-

tion in the bankruptcy court on May 17, 1940, in which he listed this property, conferred no jurisdiction upon the District Court over the property. The bankrupt having no interest in the property, it was not required that it be submitted to the Conciliation Commissioner for his report.

The decision of the trial court is affirmed.