Mr. Justice SWAYNE
 

 stated the case aud delivered the opinion of the court.
 

 The record shows this state of facts : Litchfield, the plaintiff in error, brought an action to recover the land described in his declaration, averring that he claimed and was entitled to possession. The defendant, the Railroad Company, denied the allegation of his right of possession. It set up no title in itself. The case went to trial upon the issue so made, and a judgment was rendered in favor of the plaintiff. The Railroad Company brought the cáse into this court by a writ of error. The judgment was reversed, and a .mandate was sent to the court whence the cause came, commanding it “to enter judgment for the'defendant below.” That court accordingly, entered judgment as follows:
 

 “It is therefore.ordered and adjudged, that the plaintiff has no title to the lands in dispute, and that the -plaintiff pay all costs taxed at $-, and that execution issue therefor.”
 

 This was done at the October Term, 1861, of that court.
 

 At the same term, the court, on the motion of Litchfield, set aside the judgment so entered, and granted him a new trial. At the October Term, 1863, on his motion, the suit was dismissed, and a judgment was rendered against him for costs. At the December Term, 1863, of this court, a writ of mandamus was issued, whereby the court below was com
 
 *271
 
 manded to. vacate the order granting a new trial, and to enter a judgment in favor of the Railroad. Company, according to the mandate sent down upon the reversal of the judgment. The Circuit Court, at the October Term, 1864, did accordingly vacate the order granting a new trial. The entry, after doing this, proceeds as follows:
 

 “And it is further considered and adjudged, that the said defendant, the said Dubuque and Pacific Raiboad Company,
 
 hath right to the lands claimed in the declaration
 
 — that is to say, section one (1) in township eighty-eight north, in range twenty-nine (29) west of the fifth principal meridian, and lying in the northern division of the State'of Iowa, and to the possession théreof, and that the said defendant recover of the plaintiff the costs in this cause accrued, taxed at $-, and have execution therefor.”
 

 Litchfield excepts to this judgment, and insists—
 

 That the right of the Railroad Company to the land in controversy was never in issue, and never decided;
 

 That the second judgment, in so far as it determines that the company had such right, is erroneous, and unwarranted by the mandate and by the. writ of mandamus from this court;
 

 And that it should have been, like the first judgment, that the plaintiff had no title to the land, &c.
 

 We think: these objections well taken, and that the judgment entered pursuant to the mandamus should have been like the prior one, simply in favor of the defendant upon the issue joined and for the.costs. This proceeding is the proper one to correct the error complained of.'
 
 *
 
 There can be no doubt of the power of the court to vacate the order of dismissal, and to reinstate the case, independently of the order contained in the writ of mandamus.
 
 †
 
 If there could otherwise be any doubt upon the subject, the command of the writ is conclusive as to the proceedings had in conformity to it.
 

 
 *272
 
 If, since the commencement of this suit, the plaintiff haa acquired a title to the land, as he insists, that title can be asserted only in a new action.
 
 *
 
 After the decision by this court, the court below had no power but to enter a judgment according to the mandate, and to carry that judgment into execution. This was the end of the case.
 
 †
 

 The judgment before us is reversed. The cause will be remanded to the Circuit Court, with directions to enter a judgment
 

 In conformity to this opinion.
 

 *
 

 Martin
 
 v.
 
 Hunter’s Lessee, 1 Wheaton, 354.
 

 †
 

 Ex parte Bradstreet, 7 Peters, 648; Litch
 
 v.
 
 Martin, 10 Western Law Journal, 495; Atkins
 
 v.
 
 Chilson, 11 Metcalf, 112.
 

 *
 

 McCool
 
 v.
 
 Smith, 1 Black, 459.
 

 †
 

 Ex parte Dubuque and Pacific Railroad Co., 1 Wallace, 73.