William Vogt, Appellee, v. City of Grinnell, Appellant.

**Appeal:** FORMER DECISION: LAW OF THE CASE. The decision in the same case on a former appeal constitutes the law of the case, on all questions then considered, when presented the second time.

**Water courses:** POLLUTION: NUISANCE. In the absence of statutory authority a city has no right to discharge its sewerage into a stream to the material injury of a lower riparian proprietor, and no degree of care in the manner of doing so will purge the act of its wrongful character, if the natural effect is to pollute the waters of the stream to the injury of others.

**Same:** DAMAGES. In an action for injuries caused by polluting the waters of a stream recovery may be had for all damages sustained within five years from the date the action was commenced.

**Admission of evidence:** HARMLESS ERROR. Defendant's failure to exercise due care is not essential to a right of recovery for injuries caused by polluting the waters of a stream, and the admission of evidence that subsequent to commencement of the action defendant had constructed appliances intended to prevent pollution of the water, was harmless error.

*Appeal from Poweshiek District Court.*— Hon. B. W. Preston, Judge.

Thursday, February 14, 1907.

Action at law to recover damages for a nuisance. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*J. P. Lyman* and *W. R. Lewis,* for appellant.

*R. M. Haines* and *P. G. Norris,* for appellee.

WEAVER, C. J.— The nuisance complained of is alleged to have been created by the act of defendant in constructing a system of sewers by which sewage and offal are collected and cast into a running stream, which passes from said city through plaintiff's farm, corrupting the waters of said stream, and poisoning and injuring the live stock of the plaintiff there being kept and pastured. This controversy has already had the consideration of this court upon a former appeal. See *Vogt v. Grinnell,* 123 Iowa, 332, to which we refer for a more complete statement of the facts. A second trial resulted in a verdict for plaintiff, and defendant brings up the case for review of alleged errors.

An examination of the record discloses no material change in the issues or in the questions presented and argued by counsel, save in elimination of the error because of which

1. APPEAL: former decision; law of the case.

a reversal of the first judgment was ordered. Under familiar rules, the principles approved and applied in the decision of the former appeal must be taken as the law of the case upon the propositions there considered, and, even if convinced (which we are not) that the views there expressed were erroneous, we should not be at liberty to reopen the discussion. This rule disposes of most of the argument by counsel for appellant, which is largely devoted to criticism of the views expressed by us in the first opinion and in other cases.

It is insisted, however, that, in order to charge defendant with damages, it must be shown to have been in some manner negligent, and that plaintiff must have been free from contributory negligence. We have but lately had occasion to consider how far the law of negligence and contributory negligence is applicable in actions grounded on nuisance, and

there reached a conclusion adverse to the doctrine contended for by counsel. *Bowman v. Humphrey,* 132 Iowa, 324. With that conclusion we are still satisfied.

It is true, as recognized in the Bowman case, that, where a nuisance results from the construction by a city of public work which is expressly or by necessary implication author-

2. WATER COURSES: polution; nuisance.

ized by statute, the city is not liable in damages, unless the nuisance is occasioned by some negligence on its part in the construction or maintenance of such work. In other words, an act which a statute, if constitutional, makes right, cannot be held to constitute an actionable wrong. But this rule so manifestly just is of no avail to the defendant. The statute authorizes the city to construct a system of sewers, but it nowhere authorizes it to discharge its sewage into a running stream. On the contrary, we have a statute which makes the fouling of such waters a public offense. Code, section 5078. It may therefore be admitted that the sewer system was mechanically perfect, and operated to the entire satisfaction of the people whom it was intended to serve; yet the unauthorized discharge of the sewage into the stream to the material injury of lower riparian proprietors was a wrongful act, and no degree of care in the manner of doing it could purge such an act of its wrongful character if the natural or necessary effect was to corrupt and poison the stream to the injury of others. Bowman v. Humphrey, *supra.*

It is further said the court erred in instructing the jury that, in case the issues of fact were found in plaintiff's favor, he would be entitled to recover all damages the evidence

3. SAME: damages.

showed him to have sustained on account of defendant's alleged wrong during the five years immediately preceding August 5, 1902, which was the date of bringing the action. The instruction seems to be correct. The alleged nuisance appears to have existed for a considerable time, but the statute of limitations prevented any recovery except for the period stated by the

court, and it was proper to so say to the jury. The fact that plaintiffs removed his cattle from the pasture in May, 1902, and that he testifies that they then " got some better," raises no presumption that the deleterious effects of the poisoned waters upon the cattle ceased at once on the date of their removal. Moreover, it is to be observed that the court by repeated instructions told the jury that plaintiff could recover only such damages as the evidence showed him to have sustained on account of the alleged wrong, and, if as claimed, there was no evidence of damage between May 1st and August 5th, it must be presumed that this admonition was obeyed, and that the verdict returned was for damage sustained prior to the earlier date. The measure of damages, if any, was settled upon the former appeal, and was properly applied by the trial court.

Error is also predicated upon the admission of testimony showing that, after the commencement of this suit, defendant had constructed septic tanks and other appliances to care

4. ADMISSION OF EVIDENCE: harmless error.

for the sewage without polluting the stream. If, as appellants contend, this action for damages depended upon the proof of negligence by the defendant, it is possible that the objection here noted would have been well taken under the rule of some of our cases; but, as we hold proof of the defendant's failure to exercise due care is not essential to plaintiff's right of recovery, the error, if any, was without prejudice.

The case seems to have been fairly tried. The facts were such as required its submission to the jury, and we find no sufficient ground for disturbing the verdict returned.

The judgment appealed from is *affirmed*.