THOMAS A. COLTER, Respondent, v. J. L. DILL, T. N. Henderson, et al., Appellants.

(193 N. W. 662.)

**Appeal and error — duty of trial court to comply with mandate of supreme court; trial court without power to modify judgment remanded other than directed.**

In a case appealed to the supreme court for a trial de novo under § 7846,

Comp. Laws 1913, it is *held* to be the duty of the lower court, on remand of the record to it, to comply with the mandate of the supreme court and to obey the directions therein. And where the supreme court directs that a judgment be modified in certain particulars, it is the duty of the court to modify the original judgment as, and only as, directed; and it has no power to make other modifications or changes in such judgment.

Opinion filed May 24, 1923. Rehearing denied.

Appeal and Error, 4 C. J. § 3271 p. 1221 n. 58; § 3272 p. 1223 n. 77.

Appeal from the District Court of Ward County, *Lowe,* J.

Action to foreclose a mechanic's lien. From a judgment in favor of the plaintiff, defendants appealed, and the judgment was modified so as to adjudge certain mortgages to be prior to the mechanic's lien, 39 N. D. 463. Remittitur was sent down, and the judgment entered as directed. One of the defendants moved the trial court to modify the judgment so entered, and appeals from the order denying such motion. Affirmed.

*Palda & Aaker,* for appellants.

*B. H. Bradford,* and *Bosard & Twiford,* for respondent.

CHRISTIANSON, J. This is a sequel to Colter v. Dill, 39 N. D. 464, 167 N. W. 720, wherein this court modified a judgment of the district court of Ward county. After the remittitur was sent down, the district court made an order for judgment in accordance with the mandate of this court. Judgment was entered pursuant to such order. Thereafter, the attorneys for the defendant, Henderson, moved that such judgment be amended in certain particulars, which will hereinafter be noted. The motion was denied and the defendant, Henderson, has appealed from the order denying such motion.

The nature of the litigation, and the judgment of this court, were stated as follows in the decision on the former appeal.

"This is an appeal from a judgment in favor of the plaintiff confirming his claim to a mechanic's lien and declaring it superior to the lien of purchase-money mortgages. The only question necessary to consider is in regard to the status of the liens claimed by the appealing mortgagees. The property consists of eight lots in the city of Minot. The defendant J. Olson was the owner of the eight lots and the presi-

dent of the German-American Bank. He made a contract with Christ Rudd, deceased, to sell him the eight lots at $500 a lot, and that the German-American Bank should loan him on each lot about $1,600 to pay the purchase price of the same and to improve the lots, and that Rudd should also give to Olson a small commission mortgage. Accordingly Olson made a deed of the lots to Rudd and at the same time took mortgages in accordance with the agreement. Olson retained the deeds and the mortgages in his own possession until he delivered them for record to the register of deeds on May 25, 1914, at 2:45 P. M. The delivery and recording of the deeds and mortgages was in all respects simultaneous. And until such delivery Rudd had no title or interest in the lots. As Rudd had no title until the delivery of the deeds and mortgages for record, it was in no wise possible for him, by any contract, to give a lien on the lots prior to the lien of the mortgages. However, in anticipation of obtaining the title to the lots, Rudd contracted with the plaintiff to do the work for which he claims a mechanic's lien, and the plaintiff commenced the work a few hours prior to the time of filing for record the deeds and mortgages. The work done prior to such filing was of little consequence, and it was not sufficient to give notice to anyone. It was done while Olson held his title and his deeds and his mortgages, and while he still had power to rescind the transaction. . . . The mechanic's lien must be and it is adjudged to be subject and subsequent to the lien of the appellant's mortgages.

"Judgment modified accordingly."

The defendant, Henderson, had purchased one of the eight houses from Rudd and was joined as a party defendant. The answer interposed by Henderson, aside from admissions regarding the corporate and representative capacity of some of the defendants, consisted of a general denial and a general averment that "he is the owner in fee simple of lot two (2), in block three (3), Springlake Park addition to the city of Minot, Ward county, North Dakota, free from any liens or encumbrances of any kind claimed by the said plaintiff herein."

The other defendants interposed answers challenging the validity of the mechanic's lien and further asserting that if the mechanic's lien was held to be valid, that then the mortgages in favor of Olson and the bank were liens prior to the mechanic's lien claimed by the plaintiff. The trial court held the mechanic's lien to be valid; that it was a lien

prior to the mortgages; that there was due thereon the sum of $2,622.04, and entered the usual decree of foreclosure ordering the premises covered by the lien to be sold to satisfy the amount adjudged due on the lien.

The defendants took a joint appeal from such judgment. On appeal it was asserted: (1) That the lien statement was false, and, hence, the lien void; (2) that the evidence was insufficient to establish any contract between the plaintiff and Rudd; (3) that if a valid lien had been established, it was inferior to the mortgages held by the bank and Olson; and, (4) that the plaintiff had waived his lien by accepting payment in full for one of the houses.

It will be noted that the contentions so advanced resolved themselves into two: 1. That there was no valid lien against any of the eight lots; and, 2. If there was a valid lien, it was nevertheless inferior to the liens of the mortgages.

This court, as already stated, ruled that the mortgages were prior to the mechanic's lien, and directed that the judgment appealed from be modified accordingly. The decision of this court was filed April 27, 1918. Neither party petitioned for a rehearing. The remittitur was transmitted to the district court on May 18, 1918.

On June 14th, 1918, the defendant Henderson petitioned this court to recall the remittitur to the end that this court might modify the judgment so as to apportion the total amount found due to the plaintiff in such manner as to render the house owned by the defendant Henderson subject only to a lien for the sum stated in the mechanic's lien statement as being the value of the services performed by the plaintiff in the construction of that particular house. Under well-settled principles of law, this court deemed itself without jurisdiction to recall the remittitur, (Hilmen v. Nygaard, 31 N. D. 419, 154 N. W. 529, Ann. Cas. 1917A, 282; 4 C. J. p. 1245) and the application was accordingly denied.

On or about June 21st, 1918, the district court made an order directing that the original judgment be modified and a new judgment entered in conformity with the decision of, and the mandate transmitted from, this court. Such order was at once delivered to the clerk of the district court, but no judgment was entered thereon at that time. Thereafter, and on or about December 7th, 1918, the defendant Henderson made application to the district court that the original judgment in the case

be amended "in such a manner as to apportion the amount of the claim of the plaintiff among the several lots in proportion to the enhanced value of the same produced by the means of the labor done or materials furnished, if any, under the lien which was the subject of the litigation herein."

The motion was addressed to the plaintiff and his counsel, and no notice of such motion was served upon any of the codefendants. The motion was brought on to be heard on or about December 16th, 1918, before Judge Leighton, who tried the case and rendered the original judgment therein.

Judge Leighton's term of office terminated in January, 1919. It appears that shortly before going out of office he signed a memorandum opinion granting the motion. It seems that no order (except as contained in the memorandum opinion) was made. In any event, no such order was either filed or served upon the adverse party, or his counsel, and there is no contention on this appeal that the memorandum opinion or order of Judge Leighton has any force or effect as such. Crane v. First Nat. Bank, 26 N. D. 268, 144 N. W. 96. No further action was taken in the matter until in May, 1922, when the plaintiff applied to the then judge of said district court for a writ of mandamus to compel the clerk of the district court to enter judgment in conformity with the decision of this court and the order entered thereon by the judge of the district court on June 21, 1918. The defendant Henderson, who is also clerk of the district court of Ward county, then made a motion, before the judge, who had issued the alternative writ of mandamus, for a modification and amendment of the judgment, similar to the one made in December 1918.

In support of the motion to amend the judgment the defendant Henderson has presented, among other things, the affidavit of Judge Leighton, wherein it is said: "It was the intention at all times to make such findings (the findings of fact) as would protect Mr. Henderson upon his house as I was satisfied from the testimony in said action that Mr. Henderson had paid for the same in full and that in so far as it was possible, that he should be protected in said action; that after the opinion of the supreme court came down the only question in my mind was whether as judge of the district court I had the jurisdiction to make further findings in said matter and having some question in my mind

at that time the findings were signed and afterwards upon motion the same were modified; it being my judgment then that the district court had such jurisdiction and for that reason and in view of the testimony in the action and it being apparent that Mr. Henderson had paid for the house in question I desired to protect him as fully as the law would permit; that it was the belief of the court that an apportionment should be made on the different lots and that no judgment should be entered making the judgment a lien against any one of the lots in question."

The motion for amendment of the judgment was denied, and a writ of mandamus issued. The defendant Henderson has appealed from the order denying his motion to amend the judgment.

In our opinion the order must be affirmed. The mechanic's lien involved in this case was a joint lien. By its terms it covered all the eight houses which the plaintiff had constructed. The complaint was framed on the theory that all the houses were subject to the entire lien. No request was made by any of the defendants for an apportionment of the amount due on the lien among the several houses. The district court rendered judgment that all of the houses be sold to satisfy the amount due on the lien. Manifestly this judgment and the findings of fact and conclusions of law on which it was based cannot be impeached or altered by the affidavit of the trial judge. On appeal to this court no complaint was made of this form of judgment, and no request was made by any of the defendants that the judgment be modified so as to apportion the amount due on the lien among the several houses, although the right to such apportionment (on the establishment of the proper facts) was quite forcibly suggested by plaintiff's counsel in the brief filed in this court on the former appeal. In answering the contention that plaintiff had accepted settlement in full for one house, and thereby waived his right to claim a lien on any of the houses, plaintiff's counsel said:

"Respondent does not concede that house number one or the house afterwards purchased by T. N. Henderson was settled for in full by Mr. Colter; on the contrary respondent contends that any and all payments made to him under his contract were made general, on the contract, which contract was for the building of the entire eight houses, and that there was no application ever made as to the amount of labor furnished and performed on any one of the several houses. Respondent sought to

prove by plaintiff that he had gone over the amount due on house number one with Mr. Rudd and made settlement on same (see Transcript page 52 lines 15 to 24), and also that plaintiff had represented to Henderson that he had no claim on house number one (Transcript page 53, lines 5 to 14), and also that plaintiff received a check showing the memo thereon "H-1, 2 & 3" meaning thereby paid on houses, one, two, and three (Transcript page 58, lines 4 to 13), but in each instance the appellants failed to prove such facts, and the undisputed testimony developed by such examination and as shown by such references is that no settlement was ever made on house number one, and that plaintiff never figured up entire cost of house number one with Mr. Rudd or ever received any money specifically to apply on the payment of his work and labor on this particular house as distinct or a part from payments made to him on his contract for the work and labor on the several eight houses under construction.

"There is also attempted to prove by Mr. Henderson that Colter had advised him that he made no claim on this particular house (Transcript page 127), but no testimony was offered to show the payment of the work and labor on this particular house and Colter's statement to Henderson was that he was building the houses all under one contract and had to file the lien against all of them to protect himself. Furthermore appellant Henderson, might, if he had so desired asked the court to apportion the total amount due between the seven houses still owned by Rudd, or direct that they should first be sold, so as to protect himself as against the amount due plaintiff on this lien, and upon showing that he had paid in full for house number one to Rudd and received a deed of same, and that Rudd still owned the other seven houses and that there had been enough paid to more than cover the amount of work and labor on house number one. The court under section 6818, could have, had the defendant Henderson prayed for such relief, and offered such proof, so apportioned the sum adjudged to be still due plaintiff, as against the other seven houses, or at least directed that the other seven houses should be first sold and the proceeds applied in payment or reduction of the lien, before offering for sale house number one. There is an entire lack of evidence of any release of house number one, and the fact that the lien was filed as against all of the eight houses and lots is the best evidence that plaintiff had not and never intended to re-

lease house number one and had never made settlement and received payment in full for the work and labor performed by him in constructing such house."

The case was appealed to this court for a trial de novo under § 7846, Comp. Laws, 1913, which provides:

"In such cases 'the supreme court shall try anew the question of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and either affirm or modify the judgment or direct a new judgment to be entered in the district court'. Comp. Laws, 1913. § 7846."

This "statute contemplates that when a retrial of the entire case is demanded, the supreme court shall review the entire record and 'render final judgment, and thus, by its mandate, forever terminate the particular litigation.' Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 445, 32 L.R.A. 730, 67 N. W. 300, 302. It is only in unusual cases, and where the court 'deems such cause necessary to the accomplishment of justice,' that a new trial may be ordered. Section 7846, supra.

"It was doubtless the intention of the legislature by the enactment of this statute to create 'a means of terminating litigation in a manner that should at once possess the strongest probability of absolute justice with the least expenditure of time and money, "and to avoid" the delay and expense of a second trial, and the risk of further errors that might necessitate a second appeal.' Christianson v. Farmers' Warehouse Asso. supra. . . .

"Under the plain words of the statute, this court is required to finally dispose of the case whenever justice can be done without a new trial. And the case should not be remanded to the trial court unless this court 'deem such course necessary to the accomplishment of justice.' Comp. Laws 1913, § 7846.

"Defendant is in error when he assumes that in all cases wherein a trial de novo is asked this court becomes in effect vested with and exercises original jurisdiction. The effect of the statute providing for trials anew in this court of issues of fact in equitable actions was construed by this court in Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300. And it was there held that such statute does not require the supreme court to perform any functions that do

not pertain to its appellate jurisdiction. In fact, it was alone by such construction that the constitutionality of the statute could be sustained, for under Section 86 of the state Constitution, the supreme court, except as otherwise provided in the Constitution, has appellate jurisdiction only.

"In the case at bar, this court fully determined the different questions presented on the appeal. No reservation of jurisdiction was made for any purpose. Manifestly, this court intended to and did make a final decision of the cause brought before it. It fully and finally terminated the cause presented to it for determination. It denied a rehearing and intentionally ordered the remittitur sent down to the court below." Patterson Land Co. v. Lynn, 44 N. D. 251, 175 N. W. 211.

Much of the language quoted is applicable here. Upon the former appeal the case was tried anew in this court, upon all the proceedings had and evidence offered in the district court. In this court as in the trial court the defendants asserted: (1) That the evidence did not establish a valid mechanic's lien; and, (2) that if the evidence did establish such lien, it was not prior but subsequent to the lien of the mortgages held by the bank and Olson.

After due consideration this court rendered its decision to the effect that a valid mechanic's lien had been established, but that it was subsequent to the mortgages, and the judgment of the district court was ordered to be modified accordingly. This court intended to make a full and final determination of the matter and to adjudicate the respective rights of the parties to the controversy. This is not a case where it is sought to amend a judgment by correcting some clerical error; or where the court is asked to make some order relating to the mode of carrying into effect the judgment formerly entered. Here it is sought to amend the judgment in a matter of substance. That is, here it is sought to have the judgment altered so as to withhold from the plaintiff a right clearly conferred by the original judgment and grant the defendant Henderson certain relief not awarded by such judgment. In other words, it is sought to have a different result announced as regards material rights, both of the plaintiff and the defendant Henderson from that announced in the original judgment entered in this case. We are all agreed that the district court had no jurisdiction to make any provision relating to the merits of the case, or enter any judgment in respect

thereto other than that directed to be entered by this court. The directions of this court as to the judgment to be entered were binding upon the trial court and that court had no jurisdiction to determine whether, under the facts in the case, some other judgment might be more desirable. In other words, it was the duty of the trial court to carry out the mandate of this court. State ex rel. McClery v. Donovan, 10 N. D. 610, 88 N. W. 717; State ex rel. Wehe v. Frazier, 48 N. D. 381, 184 N. W. 876; Sibbald v. United States, 12 Pet. 488, 9 L. ed. 1167.

Appellant asserts that under the rule announced in Tyler v. Shea, 4 N. D. 377, 50 Am. St. Rep. 660, 61 N. W. 472, the district court had jurisdiction to entertain the motion to amend the judgment. The scope of the motion involved in the case cited was wholly different from that of the motion in this case. The motion in Tyler v. Shea, in no manner affected the merits of the case, but related "solely to the mode of carrying out the decision of the court on the merits." 4 N. D. 389. The very language employed by the court in the opinion in the case cited implied want of power on the part of the trial court to entertain a motion to amend so as to affect the substantial rights of the parties as fixed by the judgment. The motion under consideration here is not one relating to the enforcement of the judgment, but one whereby it is sought to alter the judgment in a matter of substance.

Order affirmed.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.