CITY OF DES MOINES, Appellant, v. BOARD OF CIVIL SERVICE COMMISSIONERS et al., Appellees.

No. 44804.

68

August 1, 1939.

F. T. Van Liew and Sam Orebaugh, for appellant.

C. I. McNutt, for appellees.

HALE, J.—Plaintiff asks that the action of the board of civil service commissioners be annulled, and for the removal of one Arthur W. Johnson as sanitary inspector.

Plaintiff's petition, filed June 7, 1938, alleges that Arthur W. Johnson was appointed to the position of sanitary inspector in the health department, to succeed James Moran, in charge of city dumps, on the 16th day of April, 1936, and that thereafter, on the 14th day of October, 1937, he was certified by the civil service commission to the city council as having successfully passed an examination for the position of sanitary inspector in the health department, and that said Johnson was appointed by the city council to the above position, and thereafter, on April 16, 1938, he was discharged by action of the city council. Johnson filed notice of appeal with the board of civil service commissioners, appealing from said order of discharge. Specifications of charges were thereafter filed on April 26, 1938, wherein it was stated that the city council elected to discharge him within the probationary period of six months provided by chapter 289 of the Code of 1935, section 5689 et seq., as amended by the Acts of the Forty-seventh General Assembly, ch. 156, and stating further that the discharge had been in the interests of efficiency and economy. The petition recites that a hearing was held on May 9, 1938, and an order made by the civil service commission that Johnson was not subject to a probationary period and that he had seniority civil service rights over other individuals employed as sanitary inspectors, and ordering the said Arthur W. Johnson reinstated with his regular compensation for services from May 18, 1938.

The petition further alleges that in making such finding the civil service commission acted illegally and exceeded its proper jurisdiction in finding that it had jurisdiction to hear the appeal of said Arthur W. Johnson and in determining the matter of seniority rights, which was not involved, and in ordering the reinstatement of said Johnson. The petition asks for certification of the proceedings and that writ of certiorari issue, and that the proceedings and decision of the board of civil service commissioners be annulled, set aside, and held for naught, and that the order of discharge of the said Johnson be sustained and the said Johnson removed from his position and that his name be removed from the active list of civil service employees.

On June 20, 1938, the court entered a decree which found the fact of the appointment as hereinbefore stated; that the position occupied by Johnson was within the purview of the civil service laws of the state; the discharge as above stated; that on the 13th of April, 1937, Johnson was filling a non-supervisory position as sanitary inspector of the city of Des Moines, and that upon passing the civil service examination he was entitled to retain his position as sanitary inspector with full civil service rights thereunder. The decree annulled the writ of certiorari and ordered that Johnson be restored to his position as sanitary inspector immediately upon the filing of the decree, with all rights and privileges of a civil service employee of the city of Des Moines; and sustained the action of the civil service commission in restoring Johnson to his position as sanitary inspector, awarded compensation at the rate of $150 a month to Johnson, commencing May 18, 1938, and rendered judgment against the city for that amount.

From such decree of the district court this appeal is taken.

This is an action in certiorari, under the provisions of section 12456, Code of 1935. It is not the duty of the court to review findings of fact by the lower tribunal having jurisdiction, if sustained by any competent evidence, unless it otherwise acted illegally and there is no other plain, speedy, and adequate remedy at law. Luke v. Civil Service Commission, 225 Iowa 189, 279 N. W. 443, and cases cited. It is, however, necessary that this court examine the evidence submitted to determine whether there is any competent and substantial evidence

to support the findings. If there is not such evidence, this would be such illegality as would warrant the appellate court in reviewing the findings of the lower court in certiorari. Luke v. Civil Service Commission, supra; Donahue v. Denman, 223 Iowa 1273, 275 N. W. 154; Reid v. Reid, 216 Iowa 882, 249 N. W. 387.

The controversy in this case centers largely about the question of the nature of Johnson's employment. The provision in the civil service law is found in section 6 of chapter 156, Acts of the Forty-seventh General Assembly, which supersedes section 5695, Code of 1935, the first two paragraphs of such section 6 being as follows:

"Preference by service. Any person regularly serving in or holding any position in the police or fire department, or a non-supervisory position in any other department, which is within the scope of this chapter on the date this act becomes effective in any city, who has then five years of service in a position or positions within the scope of this chapter, shall retain his position and have full civil service rights therein.

"Persons in non-supervisory positions, appointed without competitive examination, who have served less than five years in such position or positions on said date, shall submit to examination by the commission and if successful in passing such examination they shall retain their positions in preference to all other applicants and shall have full civil service rights therein, but if they fail to pass such examination they shall be replaced by successful applicants."

If the position held by Johnson was non-supervisory, then it is apparent, under this statute, that, having successfully passed the examination, he is entitled to retain his position in preference to all other applicants. That he did occupy such non-supervisory position was determined by the commission and the district court, and, on examination of the record, we also agree. That there were at times others employed in his department, and that he did look after their work, is true, but the general character of his employment was to pass upon and investigate complaints. We think, under the evidence, that the findings as to the nature of employment have support in the record, and should be sustained under our holdings. In re Sheeler's Estate, 226 Iowa 650, 284 N. W. 799; In re Canter-

bury's Estate, 226 Iowa 586, 284 N. W. 807; In re Guardianship of Fisher, 226 Iowa 596, 284 N. W. 821; Luke v. Civil Service Commission, supra, with cases cited.

▮ Johnson was appointed to the position of sanitary inspector by the council April 16, 1936, to succeed James Moran. Between that time and October 28, 1937, he was never discharged and continued to serve until April 16, 1938. He was occupying the position when he took the civil service examination and was duly certified to the council, and was appointed to the same position by roll call No. 3445 on October 28, 1937. Under his original appointment in 1936 he was not subject to the provisions of section 7, chapter 156, Acts of the Forty-seventh General Assembly (substituted for section 5696, Code of 1935), which provides for a probationary period of not to exceed six months. If he is held so subject, then it would be within the power of the council to nullify the action of the civil service commission merely by a new appointment. The above section 7 must refer to original appointments and not to old appointees who have qualified by examination for the positions held by them. The statute (section 6, chapter 156, Laws of the Forty-seventh General Assembly) uses the words "shall *retain* their positions", which so indicate.

▮ It is claimed that the position of sanitary inspector in charge of dumps, held by Johnson, was transferred from the health department of the department of public affairs to the department of streets, although the evidence offered to that effect would hardly be classed as competent—a reference only in the certificate to the report of the civil service commission under a roll call of the council, and the appointment of October 28, 1937. The testimony of the deputy clerk was to the effect that there was no ordinance ever passed transferring the management of the city dumps, but there was a resolution which was not offered in evidence.

▮ But it is urged that the position held by Johnson was abolished. The mere placing of the duties of the office under the streets department, with the same duties, would not be an abolishment. If the position were to be abolished, however, the statute prescribes certain regulations, and in recognition of the supervisory powers and duties of the civil service commission,

requires that the council must adopt a resolution and notify the commission.

Section 20, chapter 156, Laws of the Forty-seventh General Assembly [section 5712, Code 1939], provides:

"Employees diminished. Whenever the public interests may require a diminution of employees in any classification or grade under civil service, the city council, by resolution and acting in good faith, and after notifying the commission of such action, may either:

"1. Abolish the office and remove the employee from his classification or grade thereunder, or

"2. Reduce the number of employees in any classification or grade by suspending the necessary number.

"In case it thus becomes necessary to so remove or suspend any such employees, the persons so removed or suspended shall be those having seniority of the shortest duration in the classifications or grades effected, and such seniority shall be computed as provided in section five thousand six hundred ninety-eight-h one (5698-h1) of this chapter [section 5698.1, Code 1939] for all persons holding seniority in the classification or grade affected, regardless of their seniority in any other classification or grade, but any such employee so removed from any classification or grade shall revert to his seniority in the next lower grade or classification; if such seniority is equal, then the one less efficient and competent as determined by the person or body having the appointing power shall be the one affected.

"In case of such removal or suspension, the civil service commission shall issue to each person so affected a certificate showing his comparative seniority or length of service in each classification or grade from which he is so removed and the fact that he has been honorably so removed, and his name shall be carried for a period of not less than three years after such suspension or removal, on a preferred list and all appointments or promotions made during said period to his former duties in such classification or grade shall be made in the order of greater seniority from such preferred lists."

There is no evidence that any of the requirements of the above statute were complied with. The office does not appear to have been abolished.

 Complaint is made as to the ruling of the commission

on the question of seniority, that it had no authority and was without jurisdiction in this case to determine such question. We think that an examination of section 5712 of the Code, as amended by the Acts of the Forty-seventh General Assembly, ch. 156, section 20, answers the question. In order to determine the status of Johnson it was necessary to determine his seniority rights. It was one of the questions involved in the appeal from the council. The commission had conducted the examination, was in charge of its own records. The only other sanitary inspector on the list transmitted to the council was one who formerly held such a like office, but who had been out of such position for a period of eighteen months. Under the provisions of section 10, chapter 156, Acts of the Forty-seventh General Assembly [section 5698.1, Code 1939] it is the duty of the commission to determine the seniority of the various civil service employees and post lists indicating the standing of each employee.

In view of our holding on other points, it is not necessary to discuss the question of the admissibility of the testimony of a former mayor at the district court hearing. In his absence it was stipulated, subject to proper objections, that if present he would testify to certain matters. Part of the testimony proposed is incompetent, and the competent testimony offered would not affect the result, there being other competent testimony to sustain the finding of the commission.

The question of allowance of compensation is raised by plaintiff. The provisions of section 5711 of the Code, as amended by the Acts of the Forty-seventh General Assembly, ch. 156, section 19, apply; and the question of compensation was within the discretion of the commission.

We do not find, on examination of the case, that the commission exceeded its jurisdiction or proceeded illegally. There is no ground for the interference of this court. See Riley v. Crawford, 181 Iowa 1219, 165 N. W. 345; Luke v. Civil Service Commission, supra.

We agree with the finding of the district court that the writ should be annulled and the employee restored with pay.—Affirmed.

OLIVER, C. J., and MITCHELL, HAMILTON, STIGER, SAGER, BLISS, and MILLER, JJ., concur.