[File No. 6789]

CLARA JACOBSON, Respondent, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, a Corporation, Appellant.

(3 NW (2d) 239)

Opinion filed March 23, 1942

*Zuger & Zuger* and *Hyland & Foster,* for appellant.
*J. K. Murray,* for respondent.

BURKE, J. Plaintiff brought this action to recover the avails of a policy of insurance, which insured her husband against loss of life by accidental means. In her complaint she alleged that the amount of the insurance was $2,000 and she demanded judgment for that sum. Upon trial of the action plaintiff received judgment for the full amount of her claim. Defendant appealed to this court from the judgment and

we granted a new trial. 69 ND 632, 289 NW 591. The second trial was had upon the original pleadings and resulted in a verdict and judgment for the plaintiff in the full amount alleged to be due. The defendant again appealed and upon this appeal we affirmed the judgment. 70 ND 566, 296 NW 545. The case was remitted to the district court on February 8, 1941, for proceedings upon affirmance according to the decree of this court.

Before judgment was entered in the district court upon our remittitur, the plaintiff presented a motion to the trial judge asking that the complaint, the order for judgment and judgment in said action be amended to conform to the provisions of the policy of insurance by allowing an additional demand and recovery in the sum of $1,800. As stated in plaintiff's motion this extraordinary relief was asked upon the ground that in drafting the complaint, order for judgment and judgment "plaintiff's counsel overlooked Part B of the policy," which provided: "After the first year's premium has been paid, each year's renewal of this policy shall add Two Hundred Dollars to the death benefit until the same amounts to Four Thousand ($4,000) Dollars." The district court made its order granting plaintiff's motion and the judgment which was eventually entered upon our remittitur was for a sum which was $1,800 in excess of the amount of the judgment which was affirmed.

Defendant has appealed from that judgment. It contends that the district court exceeded its jurisdiction in ordering the entry of a judgment which differed substantially from that which this court had directed to be entered. This contention must be sustained. The affirmance of the judgment by this court upon the appeal was a final disposition of the case. By affirmance, without amendment, we adopted the judgment of the trial court as our judgment and the duty of entering that judgment in the trial court after remittitur was purely ministerial in character. 3 Am Jur 733, Appeal and Error; 5 CJS 1537. The trial court was without power to alter or amend the judgment in any matter of substance. State ex rel. McClory v. Donovan, 10 ND 610, 88 NW 717; State ex rel. Wehe v. Frazier, 48 ND 381, 184 NW 874; Colter v. Dill, 49 ND 902, 193 NW 662; Weigel v. Powers Elevator Co. 50 ND 776, 198 NW 121. In Colter v. Dill, 49 ND 902,

193 NW 662, supra, we said "We are all agreed that the district court had no jurisdiction to make any provision relating to the merits of the case, or enter any judgment in respect thereto other than that directed to be entered by this court . . . that court had no jurisdiction to determine whether, under the facts in the case, some other judgment might be more desirable."

Plaintiff has argued strenuously that her right to appeal from the judgment in this case has not expired because no notice of entry of judgment was ever served upon her by the defendant and that relief by motion for a new trial or motion to amend is therefore still available to her. In support of her position she cites the case of Prescott v. Brooks, 11 ND 93, 90 NW 129, wherein this court held that the service of notice of entry of judgment by one party to a suit sets the time within which an appeal may be taken running against his adversary but not against himself. If, however, any remedy still remains to the plaintiff for the correction of her oversight (and in this connection we think it well to point out that while the decision in Prescott v. Brooks, supra, has never been expressly overruled, a later decision of this court in Citizens Nat. Bank v. Larson, 59 ND 427, 230 NW 292, is clearly in conflict) that remedy certainly is not available to prevent the entry in district court of a final judgment of this court upon appeal. The judgment appealed from is therefore reversed and the case is remanded to the district court for the entry of judgment in accordance with the mandate of our remittitur of February 8, 1941.

Burr, Ch. J., and Nuessle, Morris, and Christianson, JJ., concur.