WILLIAM PAUL MCCLINTON, Appellee, v. RANDALL MELSON et al., Appellants.

No. 45442.

JUNE 16, 1942.

REHEARING DENIED OCTOBER 20, 1942.

John M. Rankin, Attorney General, George H. Clark, Jr., Special Assistant Attorney General, and Maxwell A. O'Brien, of Des Moines, for appellants.

Ralph N. Lynch, of Des Moines, for appellee.

H. D. Keeley, of Maquoketa, J. R. McManus and M. H. Johnson, both of Des Moines, and R. J. Sullivan, of New Hampton, amici curiae.

MILLER, J.—This cause has been submitted to us for reconsideration after the granting of a rehearing. For our former opinion, see McClinton v. Melson, 297 N. W. 810. Such opinion is now withdrawn and the following substituted in lieu thereof.

On January 25, 1940, petitioner filed a petition for a writ of certiorari asserting that he was employed by the Iowa State Highway Commission on or about April 9, 1935; he notified the district engineer at the time that he was a veteran of the war with Germany; he continued in such employment until September 23, 1939, when respondents, the members of said Commission, discharged him without notice or hearing, in violation of sections 1159 to 1165 of the Code, 1939; the discharge occurred in Polk county, Iowa; he made a demand for reinstatement and for payment of his wages on December 6, 1939; on January 2,

1940, he was reinstated by respondents but his back pay was denied him; he used reasonable diligence to obtain other employment; he was illegally deprived of wages amounting to $294. The prayer was that respondents certify the record and that the court reverse the illegal action of respondents and order them to restore to him his wages.

Respondents' answer denied all allegations of the petition not admitted. It admitted the employment and discharge of petitioner, the official capacities of respondents, the fact that petitioner is an honorably discharged soldier of the war with Germany; that no charges were filed' and no hearing had thereon, the rate of pay, the re-employment of petitioner on January 2, 1940, the refusal to pay back wages; and incorporated the return to the writ, wherein the facts are set out in detail.

The answer further asserted that the court was without jurisdiction for the following reasons: (1) The official acts complained of occurred in Story county rather than Polk county; (2) the controversy is now moot because of petitioner's reinstatement; (3) the action is in truth one for a money judgment against the state, which cannot be maintained without its consent; (4) the act of respondents was not a judicial act but an administrative or executive act in which they had discretion which the court cannot control; (5) respondents did not act illegally nor in excess of their jurisdiction; (6) petitioner seeks to compel performance of an alleged ministerial duty which cannot be done by certiorari; (7) he seeks to compel officials to expend state funds; (8) he has another plain, speedy, and adequate remedy; petitioner did not tender his services after his discharge. Respondents prayed that the writ be quashed.

Petitioner testified that, following his discharge, he made various efforts to secure employment but was unable to secure anything that produced any income and was always ready to go back to work for respondents. After his discharge, a man by the name of Anderson was employed to do the work petitioner had done and was paid a salary therefor.

The court determined that certiorari was a proper remedy herein, that petitioner's discharge was arbitrary and illegal, in violation of sections 1159 to 1165 of the Code, 1939; that, between the dates of his discharge and re-employment, petitioner

would have earned $294, which sum was refused him; that he made a good-faith effort to secure employment, without success; that the illegal and arbitrary action of respondents in depriving petitioner of $294 in wages should be corrected. The court ordered respondents to correct said illegal and arbitrary action and to take all steps necessary within their power to see that said sum was restored to petitioner, directed that they pay all costs of the action, and retained jurisdiction to enforce the order. Respondents appeal.

Appellants' first assignment of error asserts that the district court of Polk county was without jurisdiction because the official action took place in Story county. They cite Brownell v. Aetna State Bank, 201 Iowa 781, 208 N. W. 210 and College of Physicians v. Guilbert, 100 Iowa 213, 69 N. W. 453. In each of those cases there was a motion for change of venue which was overruled. No such motion is shown to have been filed herein. The question is one of venue, not jurisdiction. Section 11053, Code, 1939. Since the question was not properly presented to the court below, it cannot be considered here. See Baker v. Chicago JSL Bk., 205 Iowa 1259, 217 N. W. 621.

Appellants' third proposition asserts that the order appealed from is erroneous because, in effect, it requires double payment for the same work. Upon the former submission of this case, a majority of this court was of the opinion that there was no merit in the contention. We now hold that the contention must be sustained. This requires a reversal herein.

In the case of Harding v. City of Des Moines, 193 Iowa 885, 890, 891, 188 N. W. 135, 138, wherein two policemen who had been erroneously suspended by the Civil Service Commission sought to recover their salaries during the period of such suspension, we state:

"While, as above adverted to, no particular appointees could be singled out as the successors of appellees, as de facto officers supplanting appellees while appellees were suspended, still, the police force having been filled up to the full quota, there were officers who took appellees' places and were paid for their services; and the question is whether the city, having acted in good faith in the payment of officers who took their places, can be held liable on the claims of appellees for salary not

earned. The city paid for services rendered which appellees would have rendered, had they been continued in the service. In other words, Can the city be held liable twice? Under our holding in Brown v. Tama County, 122 Iowa 745, this central and controlling question must be answered in the negative. In the Brown case, we held, in effect, as stated in the syllabus:

" 'Where a county pays an officer *de facto*, during his incumbency, the salary provided by law, the rightful officer, after obtaining possession of the office by judgment of court, cannot recover from the county the salary for the same period.'

"See, also, McCue v. County of Wapello, supra.

"While there is lack of harmony in decisions of courts of other jurisdictions, and courts of high authority hold to the contrary, a decided preponderance of the authorities sustains our holding in the Brown case, to the effect that, by payment of a salary to a de facto officer, the right of the de jure officer to collect his salary from a municipality is lost."

As above stated, one Anderson did the work appellee would have done during the time he was wrongfully discharged, and was paid a salary therefor. Appellants' third proposition in effect asserts that the rule applied in Harding v. City of Des Moines, supra, should be applied herein. The proposition is sound.

The division of authority referred to in the above quotation is discussed more fully in the case of Brown v. Tama County, 122 Iowa 745, 750, 98 N. W. 562, 564, 101 Am. St. Rep. 296, cited above. Reference is made to the case of Andrews v. City of Portland, 79 Maine 484, 10 A. 458, 10 Am. St. Rep. 280, perhaps the leading case in favor of the right of a public servant, wrongfully discharged, to recover his salary, this court stating as follows:

"It is to be said of several, if not all, of the cases last cited, that they present a materially different state of facts than we have here to pass upon. For instance, the plaintiff in the Andrews case was duly appointed and qualified city marshal, and had long been in the actual possession of the office, when he was wrongfully excluded therefrom by the action of the city officers, after which he not only remained ready to perform, but offered

to perform, the duties to which he had been appointed; and it was held that he was entitled to recover his salary for the full term, although the marshal de facto had also been paid. * * * Assuming, for the present argument, that under such exceptional circumstances the city or county cannot avoid liability to the rightful officer by paying the salary of the office to a flagrant usurper, we think a different rule may obtain where the officer de facto is in possession under a prima facie good title.''

The rule in reference to the defense that payment of a salary to a de facto officer will prevent recovery therefor by the de jure officer has been the subject of a vast amount of elaboration. There is a definite division of authority. The cases are irreconcilable. The decided weight of authority supports the position taken by us in Brown v. Tama County, supra, and Harding v. City of Des Moines, supra. A very extensive note, which sets forth a large number of the cases and the various rules that have been applied, appears in 55 A. L. R., pages 997 to 1014. We are disposed to the view and hold that appellants' third proposition herein is well grounded, the payment of salary to Anderson is a defense to the demand of appellee for the same salary. Insofar as Dickey v. King, 220 Iowa 1322, 263 N. W. 823, appears to be contra to such holding, it must be and is overruled.

In passing, it might be added that the rule applied in Harding v. Des Moines, supra, insofar as it has application to civil-service cases, has been changed by specific legislation. Section 5711, Code, 1939; City of Des Moines v. Board of Civil Service Commrs., 227 Iowa 66, 73, 287 N. W. 288. However, no such legislation has been enacted in reference to soldiers'-preference cases. In the absence of such legislation, the appellee is entitled to no relief against appellants herein.

Other questions are argued in the briefs. There is no need to discuss or decide them. The judgment is—Reversed.

BLISS, C. J., and GARFIELD, WENNERSTRUM, SAGER, HALE, and OLIVER, JJ., concur.

MITCHELL and STIGER, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and respectfully dissent.

The majority hold that the veteran is not entitled to recover the salary which he would have been entitled to had he been permitted to retain his position from which he was wrongfully discharged. In order to do this, they have had to overrule the case of Dickey v. King, 220 Iowa 1322, 263 N. W. 823. With this I cannot agree. I believe this court was right in the original opinion in this case (reported in 297 N. W. 810, 812) when we said:

"In 46 C. J. 1017, it is stated: 'An officer wrongfully removed is entitled to the compensation accruing during the period of his removal.'

"In the case of Dickey v. King, supra, wherein certiorari proceedings were invoked to secure the reinstatement of a veteran who was discharged without a hearing, the court also allowed the veteran his back pay. This part of the court's decision was modified as to the rate per day, but was otherwise affirmed. While the question was not considered extensively in that opinion, the decision is in accord with sound principles of law.

"There are a number of cases where an employee, entitled to civil service rights, has been reinstated and back pay awarded him. Such cases include City of Des Moines v. Board of Civil Service Com'r., 227 Iowa 66, 287 N. W. 288, and Anderson v. Board of Civil Service Com'r., 227 Iowa 1164, 290 N. W. 493, 127 A. L. R. 489. Appellants point out that Section 5711 of the Code expressly enjoins upon the Civil Service Commission, upon ordering an employee reinstated, the duty to determine the compensation to which he is entitled. While this statute may constitute a basis for distinguishing Civil Service cases, it does not follow that our decision in Dickey v. King, supra, was wrong. If, as a matter of justice, one is entitled to reinstatement under Section 1163 of the Code, the right to a review by a writ of certiorari should include, as a part of the relief to be granted, an order for payment of compensation accruing while wrongfully deprived of the position."

It would seem to me that the finding "illegal and arbitrary" must in itself be a finding of bad faith, but to my way of thinking, the question of good faith or bad faith is not involved in this case. It is the wrongful discharge, whether it be in good

faith or bad faith, that gives to the soldier his right to recover. The legislature passed the Soldiers' Preference Act. It had in mind certain reasons for doing so. First, it gave to war veterans a preference to secure certain positions. It was not the preference for the position that was important, it was the wages which that position carried with it that made the act of value to the men who had served their country. The second purpose was to protect the employed veteran from losing his wages due to a wrongful discharge by a public officer or board. To deny a veteran the right to recover the salary or wages of the office from which he was wrongfully discharged would defeat the very purpose of the legislation. If his wages are not protected by the act, then the legislation is meaningless and the obvious purpose of the preference act would be defeated.

I would affirm the case.

I am authorized to say that JUSTICE STIGER joins in this dissent.