HENRY WALLACE GLENN, appellant, v. A. B. CHAMBERS, mayor, et al., appellees.

No. 48228.

(Reported in 56 N.W.2d 892)

FEBRUARY 10, 1953.

REHEARING DENIED APRIL 10, 1953.

Howard M. Hall, of Des Moines, for appellant.

John A. Blanchard and Harris M. Coggeshall, both of Des Moines, for appellees.

OLIVER, J.—Plaintiff-Glenn was a sanitary inspector in the health department of City of Des Moines. He was discharged. Later he was reinstated. This appeal results from Glenn's claim against Des Moines for the salary lost by him during the period between his discharge and reinstatement. When it discharged him, the reason the city council assigned therefor was that his appointment had violated soldiers' preference rights of one

Rank, under section 365.10, Code of Iowa, 1946 (1950). Glenn appealed to the civil service commission, which upheld his discharge and approved the appointment of Rank to the position under the Soldiers Preference Law. Glenn then secured the issuance of a writ of certiorari to the mayor, city council, civil service commission and city manager, to review the orders removing him. Upon trial, the district court, September 9, 1950, sustained the writ and ordered Glenn reinstated (which was promptly done). The district court adjudged also Glenn was entitled to salary from May 15 to September 9, 1950, the period he was not permitted to work, and ordered payment thereof. Respondents appealed to this court. On that appeal the errors assigned and argued were (1) error in ordering Glenn's reinstatement and (2) error in ordering payment of his salary while he was discharged.

This court affirmed the judgment reinstating Glenn, holding that, although his appointment was not in accord with the Soldiers Preference Law, the failure to discharge him during the six-month probationary period under section 365.8, Code of Iowa, 1946 (1950) prevented the setting aside of such appointment. However, this court reversed the judgment for salary for the period of Glenn's discharge.

The opinion, Glenn v. Chambers, 242 Iowa 760, 771, 48 N.W.2d 275, 281, states:

"The decree is affirmed except insofar as it holds plaintiff is entitled to pay from and after the date of his discharge. We do not decide that question because Code section 365.27 and our opinions heretofore cited contemplate the decision in the first instance rests with defendants council and commission and also because payment to Rank does not definitely appear. Plaintiff's right to pay during the period of his removal is left open for future determination in harmony with the views herein expressed.—Affirmed in part and reversed in part."

"The views herein expressed" are that payment of salary to a de facto officer during his incumbency is a bar to recovery from a city by the rightful officer of salary for the same period, for the reason that the public should not be compelled to pay twice for the same service.

■ The opinion states also that the payment to the de facto incumbent must be in good faith and that there is no evidence of bad faith here. Furthermore, it must appear that the de facto incumbent was definitely appointed to the position in place of the rightful holder and was not merely one of several men employed to do the same kind of work. "As stated, it is stipulated here that Rank was appointed to fill the vacancy created by plaintiff's discharge." Thus the opinion disposed of all issues of law in the case and left plaintiff's right to the salary for the period of his removal open for future determination by the city council and civil service commission, based upon whether the city had paid Rank's salary for such period.

Thereafter Glenn's claim for the salary was again presented to and denied by the city council. Glenn then appealed to the civil service commission, which, after a hearing, ordered that the claim be allowed in the sum of $805 plus interest and paid by the city of Des Moines. Then the salary claim was again presented to and denied by the city council.

Glenn then instituted this suit in mandamus to compel the council to comply with the order of Des Moines Civil Service Commission for the payment of the back salary. The district court found plaintiff was not entitled to the back pay allowed by the civil service commission and rendered judgment denying the writ. From this part of the judgment plaintiff appeals. (No appeal was taken from another part of the judgment which allowed Glenn $46 for the expense of a reporter and transcript of the proceedings before the civil service commission.)

■ We agree with the judgment of the district court. The decision of this court on the first appeal left open only the question or issue whether the city had paid Rank the salary for the period in question. That question, which had never been in actual dispute, was definitely settled at the last hearing before the civil service commission, by evidence of the payment of such salary to Rank by the city. With that question settled, the directions of this court in the first appeal (Glenn v. Chambers, 242 Iowa 760, 48 N.W.2d 275) required the affirmance by the commission of the order of the city council refusing to pay Glenn's claim. The commission was without power to make the decision and order to the contrary.

■ In Ronna v. American State Bank, 215 Iowa 806, 810, 813, 816, 246 N.W. 798, 800, the procedendo upon a previous appeal remanded the cause with directions to take "further proceedings * * * not inconsistent with the opinion of the Supreme Court." Thereafter the trial court entered judgment inconsistent with that opinion. Defendants took no appeal from the judgment but applied for an order directing the district court to obey the procedendo. This court granted the relief, holding defendants could have appealed but were not required to do so. The opinion states:

■ "When the opinion of this court indicates that the cause is reversed and remanded for a special purpose, the district court, upon the remand, is limited to do the special thing authorized by this court in its opinion, and nothing else. * * *

"That being the situation, the district court, after the remand, had no power or jurisdiction to do anything except enter judgment in accordance with the opinion, which required that the administrator's petition be dismissed at his costs. Hence the district court had no right to enter the judgment it did on the administrator's motion. * * *

"Not having the power and jurisdiction to enter the judgment, the court is hereby ordered and directed to set the same aside, in harmony with the foregoing opinion."

Other similar decisions include: Litchfield v. The Dubuque & Pacific R. Co., 74 U. S. (7 Wall.) 270, 19 L. Ed. 150; Jacobson v. Mutual Benefit Health & Accident Assn., 71 N. D. 542, 3 N.W.2d 239; Colter v. Dill, 49 N. D. 902, 193 N.W. 662, 665; Personal Loan Co. v. Personal Finance Co. of St. Paul, 213 Minn. 239, 6 N.W.2d 247; Ex parte Washington & Georgetown R. Co., 140 U. S. 91, 11 S. Ct. 673, 35 L. Ed. 339; Gaines v. Caldwell, 148 U. S. 228, 13 S. Ct. 611, 37 L. Ed. 432; Cowdery v. London & San Francisco Bank, 139 Cal. 298, 73 P. 196, 96 Am. St. Rep. 115, 122; Mountain Home Lumber Co. v. Swartwout, 33 Idaho 737, 197 P. 1027.

3 Am. Jur., Appeal and Error, section 1234, states on page 731, "* * * the trial court, upon remittitur, has no power but to obey the judgment of the appellate court * * *. Proceedings contrary to the mandate must be treated as null and void."

3 Am. Jur., Appeal and Error, section 1240, states on page 737: "If, however, in reversing a judgment, the trial court is directed to hear a new trial upon one issue only, or upon particular issues, it possesses no jurisdiction to grant a new trial generally, or to permit evidence upon other issues to go to the jury; it must obey the mandate of the reviewing court."

There is like language in 5 C. J. S., Appeal and Error, sections 1965 and 1967, pages 1511, 1512, 1514 and 1515.

Appellant would reargue the legal principles and issues involved in the case. These were determined in the first opinion. Therefore, they are the law of the case and will not be here reconsidered. Vogt v. City of Grinnell, 133 Iowa 363, 364, 110 N.W. 603; Shannon v. Gaar, 234 Iowa 1360, 1362, 15 N.W.2d 257, 258; Lawson v. Fordyce, 237 Iowa 28, 32–40, 21 N.W.2d 69.

Appellant contends also that some of the facts are not the same as those pleaded, stipulated and adjudicated in the former appeal. It is sufficient to say the record does not support this contention.—Affirmed.

SMITH, C. J., and BLISS, GARFIELD and WENNERSTRUM, JJ., concur.

MULRONEY, THOMPSON and HAYS, JJ., dissent.

MULRONEY, J. (dissenting)—I recognize the soundness of the majority opinion under the "law of the case" doctrine if our former opinion commanded no pay allowance to Glenn after his discharge, if Rank was paid a salary for performing the duties of the office during the period in question. Because I do not so interpret our former opinion in 242 Iowa 760, 48 N.W.2d 275, I dissent from the majority opinion here.

It is true the defendants in the former case assigned as error the trial court's order of Glenn's reinstatement and the order of payment of his salary while he was discharged. We did not decide plaintiff's right to pay after discharge "because Code section 365.27 and our opinions heretofore cited contemplate the decision in the first instance rests with the defendants council and commission and also because payment to Rank does not definitely appear." We affirmed the reinstatement order but left

open "plaintiff's right to pay during the period of his removal." We stated that question was "for future determination in harmony with the views herein expressed." Quotations are from last paragraph of former opinion.

To reach the conclusion of the majority opinion one must find the clear expression of law in the former opinion that compels an adjudication denying any payment to Glenn if compensation was paid to Rank. I just do not find that clear statement of law in the "views expressed" in the former opinion.

The former opinion points out that the parties had stipulated that Rank had performed the duties of the position after Glenn's discharge and it was not there asserted or argued that Rank was not paid for performing those duties. As the opinion states, the parties argued Glenn's right to payment, assuming payment to Rank for performing the duties of the office after Glenn's discharge. In commenting upon this record we said it was not "definitely" shown Rank was paid, but we all knew that it was most likely Rank was paid and defendants would probably have no trouble showing that fact. We then stated, quite properly I think, that we would "express our views as to the effect upon plaintiff's right to compensation of payment to Rank, if in fact * * * Rank was paid for performing the duties of the position after plaintiff's discharge." Page 769 of 242 Iowa, page 280 of 48 N.W.2d. If the "effect" was to be a denial of Glenn's right to payment and any other determination would be absolutely void, we could have been expected to say so. I think it abundantly clear we did not say payment to Rank would compel a denial of Glenn's claim for salary payment.

We reviewed Brown v. Tama County, 122 Iowa 745, 98 N.W. 562, 101 Am. St. Rep. 296, holding a de jure officer after ousting a de facto officer could not recover the salary for the office if the de facto officer had been paid—upon the rule or principle that "the public should not be compelled to pay twice for the same service." We pointed out this principle had been applied to two policemen wrongfully discharged by the civil service commission in Harding v. City of Des Moines, 193 Iowa 885, 188 N.W. 135. Then we pointed out that this decision in the Harding case was before the passage of the statute here

involved by quoting the statement by way of dictum in McClinton v. Melson, 232 Iowa 543, 548, 4 N.W.2d 247, 249, as follows:

"In passing, it might be added that the rule applied in Harding v. Des Moines, supra, insofar as it has application to civil-service cases, has been changed by specific legislation. Section 5711, Code, 1939 [now section 365.27, Code, 1950]; City of Des Moines v. Board of Civil Service Commrs., 227 Iowa 66, 73, 287 N.W. 288."

We then went on to again point out that this Harding decision which had applied the doctrine of Brown v. Tama County—that the public should not be compelled to pay twice—to a police officer dismissal, was before the statute, and that the statute "made it discretionary with the civil service commission to allow or not allow compensation during the period of suspension" and we cited prior decisions of this court so holding. Finally, after this discussion of the prior decisions rendered before the statute, and the statute itself, and decisions interpreting the statute, we emerged with our conclusion which was (page 770 of 242 Iowa, page 280 of 48 N.W.2d) that there is "nothing in this statute * * * section 365.27 * * * which *compels* either a city council or civil service commission in such a controversy as this to ignore the rule of Brown v. Tama County, supra, * * * and the decisions which have followed it." Since we had earlier stated the rule of Brown v. Tama County was: "the public should not be compelled to pay twice for the same service" the statement means the council and commission could, under the statute, refuse to allow compensation where the allowance would mean payment twice for the same services. That is all it means and that is the "law of this case."

When we left the question of Glenn's right to payment open for future determination in harmony with our expressed views "if in fact Rank was paid", we told the commission that it had *discretion to allow or not to allow compensation* and that the statute making it the commission's duty to decide the issue could, stating it affirmatively: refuse to allow the claim on the ground it would be making the city pay twice for the same service. We certainly did not mean this discretion was to be

ruled by a certain fact finding and a determination for plaintiff would be absolutely void if certain facts were found by the commission. As I read the opinion it expresses views designed to clear up doubts which might exist after the statement of dictum in McClinton v. Melson, supra. There we had held that a highway commission employee, wrongfully discharged, could not in certiorari recover salary after discharge under the rule of Brown v. Tama County, when it would mean double payment for the same work "in the absence of such legislation", as the statute here in question. We pointed out that the rule applied in Harding v. City of Des Moines, supra, admittedly the Brown v. Tama County rule, had been "changed" by the statute. That statement of dictum in the McClinton case might be thought to mean the statute forbade the commission from applying the rule of Brown v. Tama County after the statute; that they must not deny the salary claim on the ground it would mean double payment. We cleared up that doubt and said the statute did no more than give the commission discretion to allow compensation or not (we cited our prior holdings to that effect) and they were not barred from still holding no compensation would be allowed where "in such a controversy as this" it would mean double payment.

The majority opinion does not reach the merits of the case. I will go on to say that I would reverse and hold the court should have required the city council to pay plaintiff his back compensation as ordered by the civil service commission. Section 365.27, Code, 1950, gives the civil service commission appellate jurisdiction over all matters involving civil service employees and especially the right to determine salary controversies during periods of suspensions. City of Des Moines v. Board of Civil Service Commissioners, 227 Iowa 66, 287 N.W. 288; Luke v. Civil Service Commission, 225 Iowa 189, 279 N.W. 443. This is not an action to review the correctness 'of the commission's order. It was not void. I would reverse.

HAYS and THOMPSON, JJ., join in this dissent.