HILDA I. FATINO et al., appellants, v. CITY OF DES MOINES (members of City Council) and TOM CHENOWETH, City Manager, appellees.

No. 51725.

(Reported in 137 N.W.2d 638)

38

October 19, 1965.

Leo Ballard, of Des Moines, for appellants.

Leonard C. Abels, Anthony T. Renda, Lee Gaudineer, L. Michael McGrane and Leo E. Gross, all of Des Moines, for appellees.

LARSON, J.—The sole issue in this appeal is whether the City of Des Moines, Iowa, through its administrative officials, wrongfully refused to promote one of two eligible persons to the Class III clerk status when a person holding that classification employed in the purchasing department died.

In denying mandamus the trial court held the plaintiffs could not compel the replacement of a Clerk III in the purchasing department, and by refusing to replace a Clerk III in that department the administrative officers could reduce the number of persons employed by the city in that classification. We cannot agree.

From the facts, largely undisputed, we learn that a person

with a Clerk III classification employed in the purchasing department died in September 1963; that a Clerk III position involves and contemplates a person in direct supervision of a moderately sized office unit or nonsupervisory clerical position of an advanced and highly responsible nature; that one of that classification can be transferred from one department to another as the personnel office deems necessary; that both appellants had been duly certified as eligible for appointment to a Clerk III classification on October 22, 1962, and at the time of this petition were the only persons eligible for promotion to that classification.

Although the city manager had indicated an intention to fill the position in the purchasing department "after the first of the year", the city personnel officer and the purchasing agent for the city testified that department no longer had need for a Clerk III employee, that although the budget contained funds for a Clerk III, studies showed this small department was adequately supplied with responsible and supervisory personnel.

It is argued this reorganization was made to save the unneeded expense of hiring another person at that salary unless and until the need arose, even if the budget did so provide.

It was admitted there had been no council action to terminate that office or to diminish the number of Clerk III personnel employed by the city in September 1963.

■ I. The trial court's determination that there was discretion in the city administrative officer to provide or not provide a Clerk III in the purchasing department based upon the needs of that department appears correct. We are cited no authority to the contrary and we have found none. Thus, appellees were not subject to coercion by a writ of mandamus to provide a Clerk III for the purchasing department. Wood v. Loveless, 244 Iowa 919, 928, 58 N.W.2d 368.

■ II. Once legally established, the position of Clerk III cannot be terminated without action by the city council. Wood v. Loveless, supra; Des Moines v. Board of Civil Service Commrs. etc., 227 Iowa 66, 287 N.W. 288. While it does not appear how many persons were employed by the city in the classification of Clerk III, it clearly appears that number was reduced by one

at the death of the purchasing department employee in September 1963, and a vacancy existed in that classification thereafter. One of the appellants was entitled to be promoted to that classi-) fication unless there was proper action by the council to reduce the number of employees authorized in that classification.

Section 365.28 of the 1962 Code provides: "Whenever the public interests may require a diminution of employees in any classification or grade under civil service, the city council, by resolution and acting in good faith, and after notifying the [civil service] commission of such action, may either: 1. [not applicable here] or 2. Reduce the number of employees in any classification or grade by suspending the necessary number."

This has not been done and the vacancy still exists.

III. Among other things plaintiffs prayed "for an order of mandamus * * * requiring the defendants * * * to perform the duty enjoined upon them as required by law, * * *." Clearly, this duty was to fill the vacancy within thirty days or to take appropriate action to reduce the number of employees in classification Clerk III. Having done neither, it seems that part of plaintiffs' prayer must be granted.

All the relief asked by appellants cannot be granted. Where a Clerk III works or what duties he performs must be left to the sound discretion of the administrative officers as the needs of the various departments appear. However, under this record the appellants are entitled to an order requiring the city to promote one of them to the position of Clerk III in the City of Des Moines. The judgment denying appellants' petition in these regards must be reversed. It is, therefore, directed that a writ of mandamus issue commanding the defendants to promote one of the appellants to the status of Clerk III as prayed.

IV. There was no attempt by appellants' counsel to comply with our rules in preparing the record in this matter. The testimony was not abstracted as required by rule 340, Rules of Civil Procedure, but the entire testimony is set forth by questions and answers. Fairness in the matter of costs to be taxed herein seems to require that one half the costs of printing the record shall be assessed to appellants.—Reversed.

All JUSTICES concur except JUSTICE SNELL and CHIEF JUSTICE GARFIELD, who dissent.

SNELL, J.—I dissent.

This is an action in mandamus to compel the filling of a position for which there is neither need nor legal requirement. To require such action is patently unsound.

There is no statute, ordinance nor personnel regulation governing the number of Clerk III positions in the city administration. How many employees are so classified does not appear. There is no such thing as an officially established Clerk III position in the purchasing department.

The City Civil Service System recognizes the position of Clerk III. Where a person so classified works is left to the sound discretion of the administrative officers. See Division III majority opinion.

Prior to September 1963 there was employed in the purchasing department a Clerk III. He died. Plaintiffs were eligible for the position. At that time a survey was being made as to the personnel needs of the department. There being no need at that time for a Clerk III in the department nothing was done.

There is no claim that to satisfy the need of any department in the administration an appointment as Clerk III was called for.

While the survey of the needs of the department was in progress one of the plaintiffs asked for promotion to classification as Clerk III.

On October 1, 1964, the City Manager answered by letter. The substance of the letter relied on by plaintiffs is as follows:

"Thank you very much for your recent letter expressing interest in the position of Clerk III in the Purchasing Department.

"Mr. H. W. Odendahl, Purchasing Agent, informs me that he plans to try to fill the position of Clerk III sometime after the first of the year.

"At the time applicants are considered for this position, you along with the other persons certified by the Civil Service Commission will be considered for the job.

"Thank you again for your interest."

Plaintiffs suggest that this was indicative of bad faith and

an attempt to bypass plaintiffs whose exclusive eligibility for promotion would expire before the first of the year. I do not so construe the letter. It merely indicates a then existing opinion that there would be a later need for a Clerk III. At the time of trial on October 16, 1964, it had been determined that there was no need for a Clerk III and there were no plans to fill the position at all. There is not the slightest suggestion in the record that there was any need anywhere in the administration for the appointment of a Clerk III.

Plaintiffs rely on the fact that the city budget provided money for employment of a Clerk III in the purchasing department. When the budget was prepared a Clerk III was so employed. It had not yet been determined that there was no need for the position. The budget merely continued the appropriation. The fact that the budget included enough money to pay a Clerk III proves nothing except that the city administration planned for enough money to pay necessary personnel if there was necessary work. I know of no law requiring a city to spend all the money that is contemplated in a budget or employ all the people who might be paid therefrom. A budget is a ceiling and not a floor for spending.

The undisputed testimony was that the item was included "to keep the money available" in case of need. This item did not create in plaintiffs any vested right to the money.

Section 365.28, Code of 1962, quoted and relied on by plaintiffs and the majority, does not in my opinion apply to plaintiffs in any particular. The statute by its wording applies to persons *employed* in any classification or grade and protects against downgrading or discharge through diminution except by resolution by the council. (Emphasis supplied.) It refers specifically to the removal or suspension of employees. It would have applied to the deceased Clerk III but there is nothing therein that applies to an applicant for promotion to a grade that is reduced in number by death.

The statute refers to a reduction of employees by suspending the necessary number. Here there was no reduction in the necessary number of persons classified as Clerk III because there was no required number of such persons. No one was discharged, suspended or reduced in grade.

This is not a case where someone was appointed or promoted in violation of plaintiffs' priority.

Clerk III is a Civil Service classification of employees. There is neither statute nor ordinance requiring any particular number of persons to be so classified. There has been no abolishment of any office. There has been no abolishment of any presently occupied or needed position. No one has been discharged, reduced in grade or passed over for promotion.

I think the trial court was right when he held that the rights of the plaintiffs would accrue only when and if the position they sought were to be filled.

I would affirm.

CHIEF JUSTICE GARFIELD joins in this dissent.